27673. TEEMS *v.* BUREL.

STEPHENS, P. J. 1. On the trial of a suit to recover on an open account for various items of groceries, etc., alleged to have been furnished to the defendant by the plaintiff, as represented in various items in an itemized statement attached, where the plaintiff testified that the account was true, due, and unpaid, that the defendant had admitted he owed the account and had agreed to pay the same, that the plaintiff had demanded payment of the defendant, and the defendant had refused to pay, and where the defendant in his testimony did not deny making the admission sworn to by the plaintiff, but testified that he did not know how much he owed on the account, that he did not owe the account, and that he went into bankruptcy, the testimony of the plaintiff as to the admission of liability made by the defendant, together with the testimony of the defendant, which when construed most strongly against him, as must be done, was to the effect that he did not owe the account sued on, because he had gone into bankruptcy; and where no

plea of bankruptcy was filed, but the defendant merely pleaded not indebted, the evidence was sufficient to authorize the verdict and judgment for the plaintiff in the amount sued for.

2. There is no inherent right in a party to be heard in argument on the hearing of a motion for new trial. *Reed Oil Co.* v. *Smith,* 27 *Ga. App.* 470 (109 S. E. 171); *Jolly* v. *Catoosa County Board of Education,* 171 *Ga.* 193 (2) (154 S. E. 788). There is no merit in the contention that a new trial should be granted on the ground that the judge who passed on the motion for new trial refused to permit the defendant to argue the motion. The appellate division of the municipal court of Atlanta did not err in affirming the judgment of the trial court overruling the defendant's motion for new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*

DECIDED OCTOBER 25, 1939.

*John W. Bolton,* for plaintiff in error.
*Spence & Fleming, Giles & Peters,* contra.

