M. H. VANDYKE, plaintiff in error, *vs.* B. A. MARTIN *et al.*, defendants in error.

1. The final trial of an important cause involving the examination of many witnesses, the investigation of numerous facts, and the application of legal principles, should be full, thorough and deliberate; and such a trial, coming on at an advanced hour on Saturday, the last day of the term, should be postponed till the next term, at the instance of counsel for either party; or, if that be denied, the court should be careful not to exact a brevity in argument on the part of objecting counsel, disproportionate to the materials to be handled and the labor requisite to ample discussion.

VanDyke *vs.* Martin *et al.*

2. In trial by jury, even in civil cases, it is the right of the parties to be fully heard by their counsel, and while the court may, and should, interpose to prevent a needless consumption of time, argument should not be cut short simply because there is not enough of the term remaining for it to be heard at reasonable length. It is better that, for the time being, the whole trial should fail, than that it should fail in an essential part and be concluded over the protest of the losing party, with that part slighted or omitted. The last link in a chain of legal right is as sacred as the first.

3. Alleged errors which the record before this court does not enable it to examine fully, will not be ruled on adversely to the decision below.

Practice in the Superior Court. Trial. Attorney. Argument of counsel. Practice in the Supreme Court. Before Judge Knight. Lumpkin Superior Court. April Term, 1875.

This case is fully reported in the opinion.

Wier Boyd; John A. Wimpy, for plaintiff in error.

B. A. Martin; H. P. Bell; W. P. Price, for defendants.

Bleckley, Judge.

This was a bill in equity which had for its object one of two things—the discharge of VanDyke, the complainant, from a judgment in favor of the defendant, Martin, rendered in a court of law, against one Hamilton, as principal, and the complainant, as security, or the subjecting of certain mining property to re-sale for the payment of that judgment. The record now before the court, though not full, is sufficient to show that the complainant attempted two lines of attack—one was, to re-open the judgment on the ground that it was confessed under a mistake as to the consideration for which the debt was made, and then urge that the real consideration had failed; the other was, to establish that Martin, the plaintiff in the judgment, had jointly, with Parker, purchased under it, at sheriff's sale, valuable mining property which belonged to the principal debtor, Hamilton, at a bid almost nominal, compared to its real value, and to have that sale set aside as

VanDyke *vs.* Martin *et al.*

fraudulent, and the property re-sold at a fair sale; or else, if the purchasers were allowed to hold on to the property, to have the execution under which it was sold entered satisfied, as against the complainant, VanDyke, the security. It further appears, that on complainant's first line of attack he had to encounter what was claimed to be the bar of a former judgment adjudicating the question against him.

Thus, whatever the real merits of the case may have been, (and we rule nothing on that subject,) it was certainly one of considerable complexity and difficulty, involving the questions, as matter of law and fact, whether the mistake alleged existed and constituted sufficient cause for opening the judgment; whether, as matter of law and fact, such opening of it was barred by another judgment; whether, as matter of fact, the debt embraced in the judgment was founded on a given consideration; whether, as matter of fact, that consideration had failed; whether, as matter of law, such failure constituted a defense to the debt and ought to defeat the judgment; whether, as matter of fact, the sheriff's sale was fraudulent; whether, as matter of law, if the sale were not set aside, the complainant could have relief against the judgment, because the plaintiff had obtained the principal debtor's property at a price grossly inadequate; and whether, as matter of fact, there was such gross inadequacy or not.

The judgment was rendered in 1869, and was for a little less than $500 00, principal and interest. The property in question was sold under it in 1872, and brought $66 00. There was evidence on the trial tending to prove that it was worth $10,000 00 or $15,000 00.

It seems, from the record, that the case was taken up on Saturday, the last day of the term, before dinner, counsel for both parties announcing ready, and striking a jury. The trial commenced immediately after dinner. As we understand the record the court forced the complainant to trial against the asseverations of his counsel that there was not sufficient time in which to try the cause. We do not consider the announcement of ready, as incompatible with insisting that the

VanDyke *vs.* Martin *et al.*

time left to the court was too short for the trial. Readiness for trial simply involves full preparation, and the absence of any cause to be shown for a continuance at the party's instance. It does not mean that there is time to do what the party is ready to do if time would serve. To have a case postponed in the last hours of the term it cannot be necessary that a party should represent himself not ready for trial. He might be ready and anxious, and so state, but add that he objected to proceed then, because the court was not ready to afford him a full and fair trial for want of ample time.

1, 2. We think that in the present case the complainant's counsel were right, and the court mistaken—the time was not sufficient. To draw out the facts, to say nothing of dealing with the law, some ten or twelve witnesses had to be examined, and several lengthy documents introduced, read and scrutinized. This was not a case for Saturday afternoon. It should have been entered upon earlier in the term, or not at all. The court probably felt the pressure of the situation, for it limited the counsel—two for complainant and two for defendant—to thirty minutes each in argument. Complainant's counsel complain of this also, and it is one of the grounds of the motion for new trial. We think, after counsel had protested against being brought into such a corner, they ought not to have been pushed to the wall. The time allowed them was not reasonably sufficient, for they had to discuss, each in his own half hour, both the law and the facts of a very considerable litigation. The time might be reasonable for the defendant's counsel, and yet not reasonable for the complainant's counsel. Upon the latter rested the burthen of making out a case, while the former had but to parry such blows as might be given. The shorter the fight the better, it may be, for him to whom a drawn battle is equal to victory. If the reason for the restriction was that no more time could be afforded, the term should have been permitted to expire without concluding the trial. It is better that a term should be lost than that a judgment should be rendered against a single suitor without granting him, in full, every right. Argument

is not only a right, but a material one. It is not a mere ornamental fringe, hung upon the border of a trial. Trial, under our system, is a co-operation of minds—a grave and serious consultation over what should be done and how the end should be accomplished. The attorneys in the cause are not mere carriers to bring in materials for constructing the edifice; they have a right, as representing the parties, to suggest where every important stone should be laid, and to assign reasons, drawn from legitimate sources, in support of their suggestions. Their reasons may be good or bad, but such as they are they should be heard and considered.

3. Upon the record before this court we cannot pronounce upon the other grounds contained in the motion for a new trial. It was stated in the argument that the cause had been here previously on one or two occasions, and the record then brought up was relied upon to aid in the present review of the alleged errors, but there is nothing in the bill of exceptions to identify this as the same case heretofore considered. It was urged that the verdict was right, and therefore that the judgment ought to stand affirmed; but we are unwilling to commit ourselves to the bad logic of holding that a case not fully tried has reached a final result, absolutely binding upon the losing party.

Let it be tried over.