## HOOKS *vs.* FRICK & COMPANY.

1. The statute prohibiting the judge from expressing or intimating an opinion on the evidence applies to cases of conflicting evidence, but not to a suit on promissory notes, where there is no plea of *non est factum,* no contradictory testimony, and nothing before the jury but the notes sued on. In such a case, it is the duty of the court to tell the jury what the law requires them to do on the undisputed facts before them.
2. Where C., as agent to sell for a firm, sold an engine, and another agent of the firm took notes from the purchaser, payable to such firm, and indorsed by C., on a suit thereon, it was not admissible to show that the defendant sent shingles to C. to sell and pay the notes, it appearing that the proceeds were not paid on the notes. Nor was it admissible to show the statements of C. after his agency for sale had terminated.
3. While it was unnecessary to charge the jury at all on the excluded evidence, yet the court charged the law when he said, "There is no evidence to show that Frick & Co. received the payment; it is true Hooks did attempt to pay the note, but he paid it to a person not authorized to receive it."
4. Newly discovered testimony which could not affect the verdict will not require a new trial.
5. Where there was no conflict of evidence, and the only evidence before the jury was certain notes sued on, which demanded a verdict for the plaintiff, argument was unnecessary, and should not have been allowed. Where the court charged the jury on the understanding that the case was submitted without argument, and then allowed argument, this did not require a new trial in favor of the party whose counsel was thus permitted to speak.

October 20, 1885.

Practice in Superior Court. Charge of Court. Principal and Agent. Payment. Promissory Notes. New Trial. Attorney and Client. Argument. Before Judge KIBBEE. Laurens Superior Court. January Term, 1885

To the report contained in the decision, it is necessary only to add the following grounds of the motion for a new trial:

(1.) Because the verdict was contrary to law.

(2.) Because the verdict was the result of the direction

of the court in this: The court said to the jury, "Under the evidence and law of this case, you are obliged to find for the plaintiff principal amount of notes, with interest from time the notes became due."

(3.) Because the court charged as follows: "There is no evidence to show that Frick & Company received the payment; it is true Hooks did attempt to pay the notes, but he paid it to a person not authorized to receive it."— The objection was that this excluded from the jury the consideration of the question as to whether or not Cox, as the agent of the plaintiffs who sold the property to the defendant, was authorized to receive the payment.

(4.) Because the court ruled out certain evidence of Hooks, to the effect that he had paid two of the notes in suit to R. V. Cox, agent for Frick & Company, at Macon, by shipping him shingles on his own account, and directing sale and application of the proceeds to the payment of the notes; also evidence of J. M. Stubbs, to the effect that, about the 4th or 5th of May, 1883, at the instance of Hooks, he called on Cox for the notes, and Cox told him the notes were about paid up, and he would send them to Hooks in a day or two.

(5.) Because the court overruled the defendant's motion to dismiss the attachment, such motion being upon the ground that Thomas Camp, agent for Frick & Company, made the affidavit to obtain the same as agent. [The affidavit in the record is signed "Thos. Camp, ag't for Frick & Co."]

(6.) Because of newly discovered evidence that on May 17, 1883, R. V. Cox had the notes in his possession at the house of W. W. Hall, whom he told that said notes were about paid in full, and that he was going to Dublin to settle with the defendant.

John M. Stubbs; H. E. W. Palmer, for plaintiff in error.

Roberts & Smith, for defendants

JACKSON, Chief Justice.

This is an action commenced by attachment, brought by Frick & Company against G. S. Hooks, on certain promissory notes. The jury returned a verdict for plaintiffs, and defendant being denied a new trial, excepted, and assigned error on the grounds alleged in the motion therefor.

1. There was no error in the charge of the court that the jury was obliged to render a verdict for the plaintiffs, because there was no evidence before the jury but the promissory notes. It is no expression or intimation of opinion on evidence, in the sense of the statute, which prohibits an expression or intimation thereon. That prohibition applies to evidence *pro* and *con*, conflict of testimony, but not to a case where there is no evidence but the promissory notes, and no plea of *non est factum* or contradictory testimony. In such a case, it is the duty of the court to tell the jury what the law requires them to do on the undisputed facts before them.

2. So that the question is, did the court err in ruling out the testimony offered by the defendant?

One Cox sold an engine for Frick & Company, being an agent to sell. Another agent took the notes from the defendant, and they are payable to Frick & Company. Cox endorsed them. The defendant sent to Cox some car loads of shingles to sell and pay the notes off, but the notes were never paid and no credit is on them. Cox, it seems, treated all parties, especially the defendant, who seemed to trust him as his agent to sell shingles and pay the notes, very badly. The court ruled out the evidence about the shingles and the directions thereabout, because no part of the proceeds ever went to pay these notes, which were not payable to Cox, but to the plaintiffs. The court also ruled out the sayings of Cox to defendant's counsel, who went to see him about the notes, shingles, etc., because he was a mere agent to sell, and that agency was long before closed up.

We see no error in these rulings of the court. They seem to us very plain law. 54 *Ga.*, 52.

3. Hence, while it was unnecessary for the court to charge the jury at all on the excluded evidence, yet he told them the law when he said, " There is no evidence to show that Frick & Company received the payment; it is true Hooks did attempt to pay the note, but he paid it to a person not authorized to receive it." 54 *Ga.*, 52.

4. There is nothing in the newly discovered evidence. It could not shake the verdict. If Cox had possession of the notes at the time alleged, it is certain he put no credit on them, and nothing he said would be admissible, or if admitted, it would only show what the notes contradicted on their face by no payment being on them.

5. The court said in regard to the last ground that he charged the jury before he knew counsel wished to speak, supposing the case submitted without argument, but then allowed him to speak. The only error we see is that he allowed speaking at all to the jury on the promissory notes, which were all the evidence in, and which would demand the verdict against all the eloquence of all tongues.

Judgment affirmed.