JOLLY *et al.* v. CATOOSA COUNTY BOARD OF EDUCATION.

No. 7439. SEPTEMBER 15, 1930.

*F. M. Gleason,* for plaintiffs.

*McClure & McClure* and *T. G. Head,* for defendant.

ATKINSON, J. A school building was constructed and equipped, in the Ringgold School District in the City of Ringgold in the County of Catoosa, by employment of funds derived from the sale of bonds duly issued for such purpose. The building was intended for and used in conducting the public schools of the district, including the high school. After several years had elapsed, the board of education contracted with the superintendent of schools for the monthly rental of an additional building called the "Bryan schoolhouse," in which the schools had been conducted prior to the construction of the new building. Certain children from without the county, and certain others from within the county but without the school district, were permitted to attend the school in the new building upon payment of prescribed tuition. Certain citizens and taxpayers of the district, who were patrons of the school, instituted an action against the Catoosa County Board of Education and the superintendent of schools. The only prayers of the petition as amended were that the defendants be enjoined "from allowing the children of non-residents of Catoosa County to attend the new Ringgold District School in preference to the children of the residents of said district and county; . . that the old Bryan schoolhouse be closed as a public institution, and condemned as a public nuisance, on account of its unhealthy condition;" that the children of the petitioners "be given the right and privilege to attend the new Ringgold schoolhouse;" and for general relief. At an interlocutory hearing the defendants submitted answers; both sides introduced evidence; and the judge granted an order declaring that "upon consideration the prayers of the petition of plaintiffs are denied." The exception is to this judgment.

■ The answer of the board of education was signed by the attorney of record for the defendant, and immediately under the signature of the attorney were the signatures of three of the members of the board of education. Following these signatures was: "Georgia, Catoosa County. Personally appeared before me [naming the three signatory members of the board of education], who being first duly sworn deposes and says that the above and fore-

going answer is true. This 11th day of September, 1929. A. Carter, J. P." While the affidavit was crudely drawn, the judge did not err in overruling a motion to dismiss the answer on the ground that it "was not properly verified as required by law."

■ The case was heard on testimony of witnesses introduced by the plaintiffs and by affidavits of witnesses introduced by the defendants. When the court had finished reading the affidavits, the plaintiffs' attorney stated "that he wished to argue the contention of complainants and the law to the court." The refusal of the judge to allow the argument is assigned as error on the ground that it deprives the petitioners of "the right of a fair trial." The case being for decision by the judge without a jury, his refusal to hear argument is not such an abuse of discretion as will require a reversal.

■ The hearing was before the same judge who read and sanctioned the original petition and who had allowed the amendment. The refusal of the judge to allow the attorney for the petitioners to read the original petition and the amendment at the interlocutory hearing does not show such abuse of discretion as will require a reversal.

■ The original petition as amended was a suit for injunctive relief, to prevent the defendants from allowing the children of nonresidents to attend the new Ringgold school in preference to children of the residents of the district and county. The allegations of the petition as amended and the evidence offered in support thereof were broad, and included matters some of which would be inappropriate for injunctive relief. The answers of the defendants were responsive to the allegations of the petition as amended, and the evidence introduced by the defendants also took a broad range. The judge was authorized to find, that, although certain non-resident pupils were admitted to the school upon the payment of tuition, there was no discrimination on that account or on any other account against the children of the petitioners or children of residents or taxpayers of the county, and on this view to refuse an injunction.

■ The language of the judgment imports finality. A final judgment could not have been rendered before the first term, that being the time at which the judgment was rendered. In pursuance of the powers of this court as expressed in the Civil Code § 6205, in

affirming the judgment direction is given that it be so modified as that it will refer to denial of only an interlocutory injunction.

*Judgment affirmed. All the Justices concur.*