[Civ. No. 7055. Second Appellate District, Division Two.—January 28, 1932.]

MOTOR SERVICE EXPRESS, Appellant, v. S. B. COWAN et al., Respondents.

H. J. Bischoff for Appellant.

Davis & Thorne for Respondents.

FRICKE, J., *pro tem.*—Appellant brought this action for damages upon the theory that it was authorized by the Railroad Commission to engage in the transportation of property by motor vehicle between the cities of Los Angeles,

San Bernardino and Riverside, and that respondents were competing with appellant in such business in violation of an order of the Railroad Commission that they desist from such transportation and without having the necessary certificate and authorization from said commission as required by the Auto Stage and Truck Transportation Act (Chap. 280, p. 457, Stats. 1919). The allegations of the complaint as to damages suffered is that the exact amount of property transported by respondents in such competition is unknown to appellant but was in excess of 4,000 tons, for which respondents received in excess of $36,000, and was property which would have been transported by appellant but for the competition of respondents.

Respondents declare in their brief that "no evidence was offered to support any contention on the part of the plaintiff that subsequent to the order of the railroad commission they (respondents) had violated said order". The reply brief does not call our attention to the existence of any evidence contradicting the statement quoted, but contends that respondents would nevertheless be liable in damages for violating the Auto Stage and Truck Transportation Act. The act, so far as applicable here, provides that no corporation or person shall transport property for compensation on any public highway in this state without first having obtained from the Railroad Commission a certificate that public convenience and necessity require such operation.

The trial court found that appellant's contention that respondents had transported property between the cities in question without a certificate of the Railroad Commission was untrue, and found that S. B. Cowan, doing business as Triangle-Orange County and Santa Ana Express under a certificate filed with said commission and after complying with the law, did transport property from Los Angeles to Santa Ana and that Adam J. Baker was similarly authorized to and did pick up such property and convey it to Riverside and San Bernardino. The court also found that there was no evidence that either respondent had violated any order of the Railroad Commission. It appears, therefore, that the findings of fact are against the contentions and claim of appellant, and since these findings preclude the recovery of any damages, the assignments of error in the exclusion of evidence offered to prove the amount of damages claimed

to have been suffered, even if the rulings of the court had been erroneous, do not require consideration on this appeal. No attack has been made upon the findings as unsupported by the evidence.

■ Error is assigned because of the court's refusal to permit the introduction of evidence to show that "Belt Line Express, Incorporated", had no authority from the corporation commissioner to issue shares of stock and that no such shares of stock were issued, and that the corporation was a mere pretext. As the action is not one against Belt Line Express, Incorporated, but against "Adam J. Baker, doing business as Belt Line Express", and the complaint makes no reference whatever to "Belt Line Express, Incorporated", the relevancy and materiality of the proffered evidence is not apparent; nor has appellant indicated any theory upon which this evidence was admissible, and error is not shown in its exclusion.

■ The final error assigned is that the court refused to hear an argument at the end of the trial. No showing is made that appellant suffered any prejudice from such refusal nor is it shown that counsel had any authorities or argument to submit which had not previously come to the court's attention. As the only citations in appellant's brief relating to the errors assigned are a four-line quotation from Corpus Juris, a Kentucky case the facts of which make it readily distinguishable from the case at bar, and one decision of our Supreme Court which is not germane to any of the errors assigned, we fail to see wherein appellant was prejudiced by the court's refusal.

The judgment is affirmed.

Works, P. J., and Craig, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on February 27, 1932.