## 31132. BURNS *v.* BROWN.

DECIDED FEBRUARY 25, 1946.

*H. A. Allen, Gertrude Harris, A. L. Henson,* for plaintiff in error.

*Barrett & Hayes, T. O. Hathcock,* contra.

FELTON, J. ■ Cora Brown brought an action in trover against Zack Burns, in the civil court of Fulton County, for the conversion of a 1939-model Packard automobile, in which she asked for a money judgment for the value of the car together with hire from the date of the conversion to the date of trial. The trial resulted in a verdict and judgment for the plaintiff. The defendant duly filed his amended motion for new trial which was overruled, to which judgment he excepts.

■ The assignments of error will be considered in reverse order. Ground 4 of the amended motion for new trial complains of the admission in evidence of a document captioned "Assign-

ment Agreement," reading as follows: "At the request of Zack Burns, for the value received, the undersigned hereby sells, assigns, and transfers to Cora Brown all its rights, title, and interest in and to the within contract and the property described therein. General Motors Acceptance Corporation, December 14, 1942, by C. E. Dickenson." This agreement was executed on the reverse side of another instrument of the General Motors Acceptance Corporation, bearing the same date, the seal of the corporation, and the signature of the assistant treasurer, attested by C. E. Dickenson. The assignment agreement, however, bore no seal of the corporation, nor was any reference made to the seal appearing on the face of the other instrument. The introduction in evidence of the assignment was objected to on the ground that it had not been properly attested by General Motors Acceptance Corporation, and could not have the effect of binding the corporation. The plaintiff contended and testified that the defendant boarded at her house; that the defendant had an old automobile which he agreed to trade in as the down payment on the one involved in this action; that the car here involved was to be put in the defendant's name until it was paid for; that the plaintiff was to pay all of the balance due, after which it was to become her property; that the plaintiff paid the balance due; and that the defendant had the car put in her name. The defendant contended and testified that he paid the full purchase-price for the car, but that he had it put in the plaintiff's name after it was fully paid for; that it was to remain in her name as long as he and the plaintiff got along all right; that, if they disagreed, the car was to be his property; that the assignment was not put on the papers when the last payment was made; that he did have the car put in the plaintiff's name, but only for the limited purpose above stated; that they disagreed, and the car became his property. Under the contentions of the parties, the only questions for the jury were: (1) whether there was an agreement that the car was to belong to the plaintiff if she paid the balance of the purchase-price, and (2) whether she paid the balance of the purchase-price; or (3) whether there was an agreement that the car was to remain in the plaintiff's name as long as the parties did not disagree, the defendant having paid the balance of the purchase-price, and whether the plaintiff breached this latter alleged agreement.

Under the facts, we do not see how the admission of the assignment in evidence was harmful to the defendant. The jury was authorized to find that the assignment agreement was written on the papers at the time indicated thereon and given to the plaintiff. If this was true, it was the intention of the defendant to put the title to the car in the plaintiff's name—it matters not for what purpose—and he would be estopped to deny that he authorized it to be done or that the officer executing it had the authority. Furthermore, the defendant admitted that he somehow had the title put in the plaintiff's name, and whether he had it put in her name by any writing or not, if the plaintiff's contentions about the agreement and her compliance therewith are correct, the title to the car would have gone into her anyway upon her performance of the contract, since delivery had already been made, under her contentions. The jury resolved the disputed issues in favor of the plaintiff, and the admission of the assignment over the objection urged was not harmful or erroneous under the facts.

■ Complaint is made, in ground 3 of the amended motion for new trial, as to the admission in evidence of the following hypothetical question and answer regarding the value of the automobile, on the grounds that the witness could not fix the value of the specific property involved by answering hypothetical questions applying to all automobiles alike, that the measure of damage was the worth of the automobile in question, and that this method was not the correct manner of appraising the fair market value of the car: "Q. I wish you would look at the description of the automobile sued for in this case, and this bill of sale from General Motors Acceptance Corporation. Will you give us the market value of a Little-Six Packard such as that described, please? A. Looking at the description of the automobile sued for in this case and this bill of sale of General Motors Acceptance Corporation, and taking it for granted that the car was a 1939 Packard, in good running condition, the value of a car now is what the OPA sets on that model, which is a maximum selling price. The ceiling price is $680, less a four percent reduction that was immediately brought into effect a month ago." The witness, so far as the record discloses, had not seen the car and had had no opportunity for forming an opinion as to the market value of that particular machine. It is obvious, however, both from the query and the response that

the witness was testifying as to the market value of 1939-model Packard automobiles generally of the description set forth in the bill of sale and conceded to be in good running condition. The testimony did not purport to establish the value of the specific automobile under consideration. The only effect of the testimony was to establish the maximum ceiling price, under OPA regulations, of cars generally within the class described. From this price the jury might take whatever discount for wear· and tear, as shown by the evidence, they saw fit. The defendant's witness, Forrest F. Attaway, supplied adequate evidence on this question at various points in the record, where he testified as to the severe treatment the automobile had undergone and as to his opinion of the value of the machine. Therefore the admission of this testimony of the plaintiff's witness was not error for any reason assigned in the motion for new trial.

Grounds 1 and 2 of the motion for new trial were abandoned and have not been considered.

On rehearing the former judgment of reversal is vacated, and the judgment overruling the motion for new trial is

*Affirmed. Sutton, P. J., and Parker, J., concur.*