36850.   McCOY *v.* CITY OF ATLANTA.

DECIDED SEPTEMBER 19, 1957.

394

*Wesley G. Bailey, Clyde W. Chapman,* for plaintiff in error.
*J. C. Savage, J. M. B. Bloodworth, Henry L. Bowden, Newell Edenfield, Robert S. Wiggins, Ferrin Y. Matthews, Martin McFarland,* contra.

GARDNER, P. J. ■ The first question presented here is whether or not the evidence authorized the judgment. We have set out the evidence in detail. Suffice it to say that there is sufficient evidence to support the judgment of the trial court as to the general grounds.

■ Special ground 1 assigns error on admission of certain evidence, over objection of counsel for the plaintiff. It appears that the witness had not seen the truck, but was shown pictures of the truck. An assignment of error going to amount of damages, as distinguished from right to damages is immaterial, where the court finds against a plaintiff. Should the admission of evidence as assigned in this ground be erroneous, such is harmless. Counsel for the plaintiff cites in support of this special ground *Burns v. Brown,* 73 *Ga. App.* 488 (37 S. E. 2d 233). In that case a

witness was asked a hypothetical question as to the market value of an automobile, the witness not having seen the car. The court admitted the testimony, and such admission was approved by the Court of Appeals. It is thus seen that that case is not the basis of reversal of the instant case. In *Globe & Rutgers Fire Ins. Co.* v. *Jewell-Loudermilk Co.*, 36 *Ga. App.* 538 (5) (137 S. E. 286), this court held: "Where a witness testifies as to his familiarity with the value of property of the kind destroyed, his estimate of the value of the property destroyed is relevant and admissible." See also *City of Griffin* v. *Southeastern Textile Co.*, 79 *Ga. App.* 420 (53 S. E. 2d 921). This evidence was properly admitted. This special ground is not a basis for reversal.

The court did not err in denying the motion for new trial for any reason assigned.

*Judgment affirmed.* *Townsend and Carlisle, JJ., concur.*