Abe POZITZER, d/b/a Spotless Laundry, Appellant,

v.

W. R. MARTIN CO., Inc., Appellee.

Court of Appeals of Kentucky.

May 24, 1963.

Rehearing Denied Jan. 31, 1964.

Louis N. Garlove, Louisville, for appellant.

Robert P. Hobson, Louisville, for appellee.

CLAY, Commissioner.

In this suit involving appellant's claim of negligence in the repair of an ironer and appellee's counterclaim for labor and materials, the trial court, hearing the evidence without a jury, rendered judgment for appellee. The only contention made on this appeal is that the court committed reversible error in denying appellant's counsel the opportunity to orally argue the case prior to the entry of judgment.

While our Civil Rules provide for argument in jury trials (CR 43.02(5)), no provision is made for argument on the law or facts in an action tried by the court. The cases cited by appellant relating to jury trials are obviously not in point.

In our opinion permitting oral argument in court actions properly should be a matter within the discretion of the trial judge. This seems to be generally recognized. 89 C.J.S. Trial, § 576, page 353; Annotation in 38 A.L.R.2d 1396. In Peckham v. Family Loan Company, C.A. 5, 262 F.2d 422, it was held that oral argument in a court action was a privilege and not a right. It is not required as a matter of procedural due process. Federal Communications Comm. v. WJR, The Goodwill Station, 337 U.S. 265, 69 S.Ct. 1097, 93 L.Ed. 1353.

While there are cases from other jurisdictions to the contrary, we think this the better rule. Though often the trial judge needs enlightenment in the form of oral argument or briefs, and should freely allow it, if in his sound discretion such argument is unnecessary we see no valid reason why he should be compelled to hear it.

In any event, in this case the denial of oral argument could not be reversible error because appellant has failed to show prejudice.

The judgment is affirmed.