## 47352.   LONGINO et al. v. CITY OF ATLANTA.

STOLZ, Judge. Condemnees appeal from the judgment of the Fulton Superior Court awarding title to condemnees' property to the City of Atlanta and assign as error the trial court's excluding the testimony of condemnees' witness, Eugene Starr. The record shows Mr. Starr to be an expert in making evaluations of real estate, and indicates that the trial court so found but excluded his testimony on the ground that the witness had no basis on which to testify as to the value of the tract being condemned in College Park, Georgia.

The witness testified in general that he had developed a 188-lot subdivision in which he lived in East Point, which was completed in 1961; that he had opened another 55-house subdivision near Greenbriar Shopping Center; that he had built apartments and duplexes; that he was President of Continential Development Corporation, a real estate development and building corporation; that he owned property in, and was familiar with, College Park; that he was familiar with the tract in question and had been for a number of years; that it was one of the best locations, and the only good location, for a small shopping center in College Park; that he was familiar with the sale of other property near the condemnees' property and was able to show distinguishing differences in value; and that he thought he had enough knowledge of property and real estate to arrive at a fair value.

The record is unclear as to whether the trial judge found the witness to be an expert, but shows that the trial judge excluded the witness's testimony on the value of the condemnees' property on the basis of there being an insufficient foundation on which the same could be based. The evidence above noted shows the witness to have been sufficiently qualified to give his opinion on the value of the condemned property as an expert. While the qualification of a witness as an expert by reason of his learn-

ing, skill and experience, is generally left to the discretion of the trial judge (*American Fire &c. Co. v. Grizzle*, 108 Ga. App. 496, 498 (133 SE2d 400) and cit.), this is not an arbitrary discretion. A person need not be a licensed real estate broker, appraiser or salesman to qualify as such. Even if it could be said that the witness, Starr, was not an expert, he had given ample background upon which to base his opinion. *Hoard v. Wiley*, 113 Ga. App. 328 (1) (147 SE2d 782). *Central Georgia Power Co. v. Cornwell*, 139 Ga. 1, 3 (76 SE 387, AC 1914A 880), relied on by the appellee, contains an excellent discussion regarding the qualification of witnesses testifying to the market value of land and contains many examples of witnesses being allowed to give such testimony with much less qualification. The weight given such testimony is always for the jury. *Lovejoy v. Tidwell*, 212 Ga. 750, 751 (95 SE2d 784).

The condemnees were entitled to have the benefit of this witness's testimony. It related to the central issue in the case and its exclusion was harmful error.

*Judgment reversed. Bell, C. J., and Evans, J., concur.*

ARGUED SEPTEMBER 5, 1972—DECIDED SEPTEMBER 19, 1972—REHEARING DENIED OCTOBER 13, 1972.

*Alex McLennan,* for appellants.

*Henry L. Bowden, Edwin L. Sterne, Alton H. Hopkins,* for appellee.