## S90A1626. ALLEN v. ALLEN.
(400 SE2d 15)

WELTNER, Justice.

The trial court directed that the question of the enforceability of a settlement agreement be submitted to a jury. We granted the husband's application for discretionary review of this issue.

1. The trial court, relying upon OCGA § 19-5-1, held that the wife was entitled to a jury trial as follows:

The [wife] insists that the contract, if any, was procured

through duress and/or fraud. As a result, these questions become particularly ones for determination by jury, *not* the Court. This has been the law since at least 1884 when the case of *Johnson v. Renfroe & McCrary*, 73 Ga. 138 [was decided].

2. The following authorities are controlling:

(a) "Proceedings for a divorce and for alimony have always, under the practice in this State, been regarded as equitable." *Rogers v. Rogers*, 103 Ga. 763, 765 (30 SE 659) (1898).

(b) Where the parties in a divorce proceeding enter into a contract settling between themselves the questions of alimony, custody, and support of their minor child, the court may in its discretion approve the agreement in whole or in part, or refuse to approve it as a whole. [*Amos v. Amos*, 212 Ga. 670 (2) (95 SE2d 5) (1956).]

(c) [T]he *trial judge* should employ basically three criteria in determining whether to enforce [an antenuptial agreement in contemplation of divorce] in a particular case: (1) was the agreement obtained through fraud, duress or mistake, or through misrepresentation or nondisclosure of material facts? (2) is the agreement unconscionable? (3) Have the facts and circumstances changed since the agreement was executed, so as to make its enforcement unfair and unreasonable? [Emphasis supplied.] [*Scherer v. Scherer*, 249 Ga. 635, 641 (292 SE2d 662) (1982).][1]

3. It is clear from these precedents that the superior court judge presiding over a divorce case exercises all of the traditional powers of chancellor in equity, except as otherwise provided by law.[2]

We remand the case to the trial court for further proceedings in accordance with these authorities.

---

[1] See also *Curry v. Curry*, 260 Ga. 302, 303 (392 SE2d 879) (1990): "*Scherer* specifies that the trial judge shall determine whether or not to enforce the agreement." Note that the holding of *Cousins v. Cousins*, 253 Ga. 30 (315 SE2d 420) (1984) (meaning and effect of settlement agreement determined according to usual rules for construction of contracts) is not contradictory to *Scherer*.

[2] In *Jones v. Dougherty*, 10 Ga. 273, 281 (1851), Justice Lumpkin stated:
We ... held [in *Beall v. The Surviving Executors of Fox*, 4 Ga. 425, 426 (1848)], and I doubt not correctly, that we have not only adopted the whole system of English jurisprudence, Common Law, and Chancery, suited to our condition and circumstances, but that we have framed the necessary judicial machinery to give to that system a practical and beneficial effect, and that such is the office and duty of a Court of Equity, and such was the object of the Legislature of 1799, in conferring Equity powers upon the Superior Courts.

*Case remanded. All the Justices concur.*

DECIDED FEBRUARY 7, 1991.

*Lisa H. Richardson,* for appellant.
*Alembik, Fine & Callner, Bruce W. Callner, Kathy L. Portnoy,* for appellee.