MARY ELLEN STEIN *v.* STEVEN STEIN
(AC 17515)

Schaller, Sullivan and Daly, Js.

Submitted on briefs May 1—officially released July 28, 1998

*Steven M. Stein,* pro se, the appellant (defendant), filed a brief.

*Holly Abery-Wetstone* and *Linda C. Lehmann* filed a brief for the appellee (plaintiff).

### Opinion

DALY, J. The defendant appeals from the trial court's order terminating alimony, claiming that the court ordered the plaintiff to refund an inadequate amount of alimony payments made by the defendant and refused the defendant interest, counsel fees and litigation costs.

The following background information is relevant to the disposition of this appeal. Pursuant to a stipulation, the trial court rendered a judgment of dissolution on

June 24, 1994. The judgment provided: "The defendant shall pay the plaintiff $225 per week as alimony to the plaintiff until the youngest child is in school full-time or the plaintiff is employed full-time. Except as provided herein, said alimony shall be nonmodifiable as to term and modifiable as to amount only in the event the defendant or plaintiff dies, the plaintiff remarries or obtains full-time employment."

The defendant filed a motion on June 5, 1997, to open and modify the judgment regarding alimony and child support, claiming that there was a substantial change in circumstances and that the plaintiff falsified her financial affidavits on which the financial award was predicated. The motion does not refer to General Statutes § 46b-86 (a), which provides in part: "No order for periodic payment of permanent alimony or support may be subject to retroactive modification, except that the court may order modification with respect to any period during which there is a pending motion for modification of an alimony or support order from the date of service of notice of such pending motion upon the opposing party pursuant to section 52-50." The trial court rendered an order on July 30, 1997, that, inter alia, terminated alimony payments retroactive to June 14, 1997, and required alimony payments made since that date to be refunded to the defendant. This appeal followed.

The defendant claims that alimony should have been terminated when the plaintiff admittedly obtained full-time employment in August, 1996. The plaintiff claims that the trial court properly applied § 46b-86 (a).

In *Sweeny* v. *Sweeny*, 9 Conn. App. 498, 500, 519 A.2d 1237 (1987), the trial court interpreted a separation agreement that had been incorporated into the judgment of dissolution. In that case, we held that "[w]here a judgment incorporates a separation agreement, the

judgment and agreement should be construed in accordance with the laws applied to any contract. . . . The trial court's construction of the agreement is an issue of fact subject to review under the limited standard of whether it is clearly erroneous. . . . We will not disturb the actions of the trial court unless it abused its legal discretion in making this determination. The unquestioned rule is that great weight is due the action of the trial court and every reasonable presumption should be given in favor of its correctness. . . .

"The interpretation of the agreement is a search for the intent of the parties. . . . This intent must be determined from the language of the instrument and not from any intention either of the parties may have secretly entertained. . . . The court must consider the agreement as a whole and give efficacy to each part where appropriate. . . . Intention is an inference of fact and the trial court's conclusion is not reviewable unless it is one which the trier could not reasonably make." (Citations omitted.) Id., 500–502.

Our Supreme Court has repeatedly stated that in interpreting contract provisions, "the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and . . . the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract. . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Citations omitted; internal quotation marks omitted.) *Barnard* v. *Barnard*, 214 Conn. 99, 110, 570 A.2d 690 (1990). With these principles in mind, we turn to the

trial court's resolution of the date from which the defendant is entitled to a refund of alimony payments.

The judgment of dissolution here is clear and unambiguous. Alimony ceased when the plaintiff obtained full-time employment in August, 1996. The alimony termination provision is automatic and self-executing, just as it would be upon the plaintiff's marriage or the death of either party. Although presented to the court in the form of a motion to modify, the defendant's motion sought to *enforce* the terms of the dissolution judgment rather than to modify them. No alimony accrued under the judgment after August, 1996, and, therefore, the defendant was entitled to a reimbursement of the sums he had paid to the plaintiff from that date. In ordering the termination of alimony effective the date the plaintiff was served with the motion to modify, June 14, 1997, the trial court improperly applied the law. Accordingly, we reverse the trial court's determination on this issue.

The defendant also claims that the trial court improperly denied his request for an award of interest, attorney's fees and costs. "Our review of a trial court's exercise of its broad discretion in domestic relations cases is limited to whether that court correctly applied the law and whether it could reasonably conclude as it did." (Internal quotation marks omitted.) *Burns* v. *Burns*, 41 Conn. App. 716, 725, 677 A.2d 971, cert. denied, 239 Conn. 906, 682 A.2d 997 (1996). As to the claim for interest, "It is axiomatic that a trial court considering a domestic relations case acts as a court of equity that is empowered to fashion appropriate relief under its broad equitable powers. . . . There is no statutory prohibition against awarding interest on a judgment in domestic relations cases. . . . The absence of reference to interest in a separation agreement also does not undermine the authority of the court to make

an award of interest." (Citations omitted; internal quotation marks omitted.) *DeMatteo* v. *DeMatteo*, 21 Conn. App. 582, 592–93, 575 A.2d 243, cert. denied, 216 Conn. 802, 577 A.2d 715 (1990). We conclude that as a matter of law, the defendant was unjustifiably denied the use of his money, and the trial court should have awarded interest. Cf. *LaBow* v. *LaBow*, 13 Conn. App. 330, 353, 537 A.2d 157, cert. denied, 207 Conn. 806, 540 A.2d 374 (1988) (award of interest appropriate "[b]ecause there is no statutory prohibition against awarding interest on a judgment in domestic relations cases, and because the courts may fashion remedies that are appropriate and equitable, and because the court found that the retention of the sums owed was wrongful"). The court, however, did not abuse its broad discretion in refusing to award attorney's fees and costs.

The judgment is reversed in part and the case is remanded for further proceedings to determine the correct amount of the alimony reimbursement and interest to be awarded to the defendant in accordance with this opinion.

In this opinion the other judges concurred.