S03A0943. HENDRICKS v. THE STATE.
(586 SE2d 317)

BENHAM, Justice.

Appellant Reginald Ivan Hendricks was convicted of malice murder, possession of a firearm during the commission of a felony, and conspiracy to commit trafficking in cocaine in connection with the homicide of Andres Gomez.[1] He now appeals the judgment entered on those convictions, contending the evidence was insufficient to authorize the convictions, taking issue with several evidentiary rulings and the limitation of his closing argument to one hour, and claiming trial counsel did not provide him with effective assistance of counsel.

1. A motel guest who heard gunshots and saw two men running away from a vehicle in the motel's parking lot found Andres Gomez shot to death in Gomez's Ford Explorer. He had suffered three gunshot wounds, two to the left side of the back of his neck and one to the top of the back of his left shoulder. Based on the entry wounds and the trajectory of the bullets, the forensic pathologist who performed the autopsy of the victim testified the most likely scenario was that the victim had been shot by someone using his left hand and sitting in the vehicle's backseat. A firearms expert also testified the shots were fired from the backseat at close range to the victim. A cellular phone belonging to appellant was found in the backseat of the victim's vehicle. In a videotaped interview with police detectives after his arrest, appellant initially denied any knowledge of the murder and stated his cellular phone had been lost or stolen the night the victim was killed. Eventually, appellant told investigating officers he and others were supposed to be purchasing a kilogram of cocaine from the victim, and that he had been in the backseat of the victim's

---

[1] The crime occurred on September 21, 1999. On January 19, 2000, the Gwinnett County grand jury returned a true bill of indictment charging appellant with malice murder, felony murder (conspiracy to commit trafficking in cocaine), possession of a firearm during the commission of a felony, and conspiracy to commit trafficking in cocaine. Appellant was tried before a jury March 26-29, 2001, and was found guilty on all counts. The trial court sentenced appellant on April 2, 2001, to life imprisonment for the malice murder conviction and consecutive sentences of five and ten years' imprisonment for, respectively, the firearm possession and the conspiracy to commit trafficking in cocaine. The felony murder conviction was vacated by operation of law. Appellant filed a motion for new trial on April 26, 2001, and appellate counsel amended the motion on August 19, 2002. After a hearing, the trial court denied the amended motion for new trial on October 2, 2002, and appellant filed a timely notice of appeal on October 29. The case was docketed in this Court on March 13, 2003, and submitted for decision on the briefs.

vehicle from where he had seen the front seat passenger shoot the victim. It was noted that appellant's right hand had significant scarring from having been burned when he was a toddler. The evidence presented by the State was sufficient for a rational trier of fact to find appellant guilty beyond a reasonable doubt of malice murder, possession of a firearm in the commission of a felony, and conspiracy to commit trafficking in cocaine. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the State's circumstantial evidence does not exclude the reasonable hypothesis that he had no prior knowledge of a cocaine sale and was merely present at the scene of the murder. However, questions as to the reasonableness of hypotheses are generally to be decided by the jury, and where the jury is authorized to find that the evidence, though circumstantial, was sufficient to exclude every reasonable hypothesis save that of guilt, that finding will not be disturbed unless the verdict of guilty is insupportable as a matter of law. *Foster v. State*, 273 Ga. 34 (1) (537 SE2d 659) (2000). The jury being so authorized, and its finding of guilt not being "insupportable as a matter of law," we decline to disturb the judgment entered on the guilty verdict.

Appellant also asserts his conviction for conspiracy to commit trafficking in cocaine cannot stand because there was no evidence of an essential element of trafficking — the quantity or purity of the cocaine allegedly involved. See OCGA § 16-13-31.[2] Appellant is mistaken in his belief that the crime one is alleged to have conspired to commit must be proved in order to convict the accused of conspiracy. Conspiracy to commit a crime occurs when the accused, "with one or more persons, conspires to commit any crime and any one or more of such persons does any overt act to effect the object of the conspiracy." OCGA § 16-4-8. The elements of conspiracy to commit a crime are conspiring and the performance of an overt act to effect the crime. In the case at bar, appellant told the investigating detective in a videotaped interview that he and his cohorts were there to buy a kilogram of cocaine from the victim, and there was evidence of acts performed by the alleged co-conspirators to effect that crime. There is no requirement that the underlying crime be committed. Accordingly, appellant's assertion that an essential element of the underlying offense, the quantity and purity of the cocaine allegedly involved, had to be established in order to convict him of conspiracy to commit trafficking in cocaine, is without merit. *Gumbs v. State*, 258 Ga. App. 230 (1) (573 SE2d 485) (2002).

---

[2] "Any person who knowingly sells . . . or who is knowingly in possession of 28 grams or more of cocaine or of any mixture with a purity of 10 percent or more of cocaine . . . commits the felony offense of trafficking in cocaine. . . ."

3. Appellant next takes issue with the fact that the trial court limited his closing argument to one hour. The trial transcript reflects that the trial court stated each side had one hour to argue, interrupted trial counsel during the closing argument to announce that counsel's hour was up, refused to honor counsel's request for "two to five" more minutes, and then interrupted counsel again "to ask you to stop at this point."[3]

OCGA § 17-8-73 provides that counsel in cases involving capital felonies "shall be limited to two hours for each side" for closing argument. In *Hayes v. State*, 268 Ga. 809 (7) (493 SE2d 169) (1997), we pointed out that, for purposes of OCGA § 17-8-73, murder is a capital felony regardless of whether the death penalty is sought. "The trial court has no discretion to impose any further limit on the time for closing argument, and failure to afford the parties the full time is, as a matter of law, error." *Chapman v. State*, 273 Ga. 865, 869 (3) (548 SE2d 278) (2001). See also *Laster v. State*, 276 Ga. 645 (4) (581 SE2d 522) (2003); *Ricketts v. State*, 276 Ga. 466 (4) (579 SE2d 205) (2003); *Monroe v. State*, 272 Ga. 201 (2) (528 SE2d 504) (2000); *Massey v. State*, 270 Ga. 76 (3) (508 SE2d 149) (1998).[4] A presumption of harm requiring the grant of a new trial accompanies the abridgement of the right to make a closing argument, and that presumption is overcome "when the denial of the right is not complete and only in those extreme cases in which the evidence of a defendant's guilt is so overwhelming that it renders any other version of events virtually without belief." *Hayes v. State*, supra, 268 Ga. at 813. Appellant's right to make a closing argument was not completely abridged since his attorney was given an hour and a few minutes to persuade the jury. *Ricketts*, supra, 276 Ga. at 471; *Monroe*, supra, 272 Ga. at 202. However, in a case so dependent upon circumstantial evidence and one in which the forensic pathologist stated the State's theory was "the most likely scenario" but not the only one, we are unable to say that the evidence of appellant's guilt was so overwhelming that it rendered any other version of events as virtually unbelievable. Accord-

---

[3] While counsel did not object to the trial court's limitation on closing argument, the failure to object does not constitute a waiver since counsel's request of the trial court for more time than the trial court allotted was refused. *Laster v. State*, 276 Ga. 645 (4) (581 SE2d 522) (2003); *Ricketts v. State*, 276 Ga. 466 (4) (579 SE2d 205) (2003); *Monroe v. State*, 272 Ga. 201 (2) (528 SE2d 504) (2000); *Hayes v. State*, 268 Ga. 809 (7) (493 SE2d 169) (1997).

[4] At the hearing on the motion for new trial, the trial court stated that this ground in the amended motion for new trial was the source of concern for the court because the trial court had realized immediately after the trial the error in limiting the closing arguments to an hour per side. The trial court recalled that the court had "cut [defense counsel] off" and defense counsel "continued to want to argue and continued to want to argue and continued to want to argue." The trial court stated it had "no doubt that that was a mistake," and accurately noted that "as a matter of law it's a mistake. The question really is whether it's harmless error."

ingly, we must reverse appellant's convictions and remand the case to the trial court for a new trial. *Laster v. State*, supra.

4. Appellant contends the trial court erred when it failed to have redacted from a videotape of appellant's custodial statement a police detective's comment that appellant was "a party to the crime." In the videotape, the detective described appellant as "a party to it" after appellant admitted he had been in the vehicle when the victim was shot by one of appellant's cohorts. In the same videotape, appellant also admitted he and the others with whom he arrived were there to complete a planned purchase of a kilogram of cocaine. In light of appellant's videotaped admissions, there was no error in letting the jury hear the questioning detective's statement to appellant that he was "a party to it."

5. We need not address appellant's remaining assertions of error[5] since they are unlikely to recur upon retrial.

*Judgment reversed. All the Justices concur.*

DECIDED SEPTEMBER 15, 2003.

*Lenzer & Lenzer, Robert W. Lenzer*, for appellant.
*Daniel J. Porter, District Attorney, George F. Hutchinson III, Assistant District Attorney, Thurbert E. Baker, Attorney General, Jason C. Fisher, Assistant Attorney General*, for appellee.

---

[5] Appellant asserts error in the denial of a mistrial made when a co-indictee's testimony was stricken after he proved uncooperative in answering questions posed by the assistant district attorney; in the trial court's announcement to the jury that another co-indictee had invoked his constitutional rights and would not be testifying; and in the admission of an oral custodial statement that defense counsel had not received at least ten days before the trial.