S04F0234. WILSON v. WILSON.
(596 SE2d 392)

CARLEY, Justice.

E.D. Wilson, Jr. (Husband) brought this divorce action against Brenda Copeland Wilson (Wife). After a bench trial, the trial court entered a final judgment and divorce decree, resolving several issues including equitable division of property and alimony. We granted a discretionary appeal from this final divorce decree pursuant to this Court's pilot project. See *Wright v. Wright*, 277 Ga. 133 (587 SE2d 600) (2003).

1. When Wife's counsel requested leave to make her closing argument, the trial court refused, stating, "Y'all have about worn me out. I don't think I want to hear any closing arguments." Wife contends that this denial of the right to closing argument is reversible error.

"Courts around the country are split as to whether there is an absolute right to closing argument in civil cases. . . . [T]here are at least three general approaches." *In re Emileigh F.*, 724 A2d 639, 643

(III) (Md. 1999). See also Anno., 38 ALR2d 1396, §§ 4, 5. In some jurisdictions, the right is constitutional and absolute, while in others, the matter is entirely discretionary in civil, non-jury trials. *In re Emileigh F.*, supra. Still other courts take an intermediate approach, holding that, as a matter of non-constitutional common law, the right to closing argument exists even in civil, non-jury trials, but may be precluded when no factual issues exist or when the parties waive the opportunity. *In re Emileigh F.*, supra. Georgia takes this intermediate position, at least where, as here, the issue is raised with respect to the main trial, and not merely an interlocutory proceeding. *Madison v. Montgomery*, 206 Ga. 199 (3) (56 SE2d 292) (1949) (bench trial); *Early & Lane v. Oliver & Norton*, 63 Ga. 11, 18 (2) (1879). Compare *Jolly v. Catoosa County Bd. of Ed.*, 171 Ga. 193 (2) (154 SE 788) (1930). Under the intermediate approach, the right to closing argument may be limited with respect to time, as in OCGA § 9-10-180, and content so as to preclude improper argument, but trial courts may not totally deny the right. *Fuhrman v. Fuhrman*, 254 NW2d 97, 101 (IV) (N.D. 1977).

> Ample opportunity for full argument is certainly an important right to the parties, and if denied on the main trial of a case, civil or criminal, the denial would furnish sufficient reason, generally, for a new trial. [Cits.] . . . Courts are as much bound to abstain from violating rights of practice as rights of principle. The method ordained by law to reach justice is through a trial; and no final trial is full and complete under our system, without the argument of the parties . . . , if they choose to exercise the privilege of discussion. So useful is the aid of argument in elucidating the real merits of a controversy and distinguishing the right side from the wrong, that for the sake of its business utility, aside from its bearing on the mental satisfaction of the parties, there is every reason for vindicating the privilege, as a mere privilege, in all final trials.

*Early & Lane v. Oliver & Norton*, supra at 18-19 (2) (Bleckley, J.).

> Argument, as the United States Supreme Court said in *Herring v. New York*, [422 U. S. 853 (95 SC 2550, 45 LE2d 593) (1975)], may in some cases leave a judge just where it found him. "But just as surely, there will be cases where closing argument may correct a premature misjudgment and avoid an otherwise erroneous verdict. And there is no certain way for a trial judge to identify accurately which cases these will be, until the judge has heard the closing summation of coun-

sel." [Cit.] And, as the same court points out in a footnote, closing argument in a bench trial may be even more important than in a jury trial, since a judge reaches his decision without the "stimulation of opposing viewpoints inherent in the collegial decision-making process of a jury." [Cit.]

*Fuhrman v. Fuhrman*, supra at 102 (IV).

The dissent completely misreads *Early & Lane v. Oliver & Norton*, supra. Justice Bleckley wrote eloquently regarding much more than the mental satisfaction of the parties. On pages 18-20 of the opinion, he carefully set forth the following three points: (1) Closing argument is an absolute right which, if the parties choose to exercise it, must be vindicated in all *final* bench trials. (2) Closing argument may or may not be subject to some discretion in *interlocutory* proceedings. (3) Because the result of an application for interlocutory injunction, unlike the result of a final trial, is largely a matter of discretion, reversal of the interlocutory order is not warranted if the appellant was not harmed. *Jolly v. Catoosa County Bd. of Ed.*, supra, involves a petition for interlocutory injunction and, thus, is distinguishable from this case.

The dissent also misunderstands *Madison v. Montgomery*, supra at 205 (3), involving a *bench* trial in a child custody case, where this Court, citing another opinion authored by Justice Bleckley, *VanDyke v. Martin*, 55 Ga. 466 (1875), reaffirmed his understanding of the right to closing argument. "The right to present argument is a valuable and substantial one, which all litigants have in the trial of cases, and one which should never be denied; but it is a right which may be waived expressly or by conduct." *Madison v. Montgomery*, supra at 199 (3). This Court affirmed the judgment in that case only because counsel waived argument by his conduct when the trial judge offered "to correct an error, if one had in fact been committed . . . ." *Madison v. Montgomery*, supra at 206 (3). Although the trial court in *Madison* may have been unsure of the absolute right to closing argument, this Court did not express any such uncertainty, and its reliance on waiver was essential to affirmance. In the instant case, Wife's "failure to object does not constitute a waiver since counsel's request of the trial court for [closing argument] was refused. [Cits.]" *Hendricks v. State*, 277 Ga. 61, 63 (3), fn. 3 (586 SE2d 317) (2003). Thus, Wife clearly did not waive her right to closing argument. Compare *Madison v. Montgomery*, supra at 205-206 (3).

Furthermore, this case is not one in which closing argument was unnecessary due to an absence of any conflict in the evidence. See Ruskell, Davis and Shulman's Ga. Prac. and Proc. (2001 ed.), § 19-20. Compare *Hooks v. Frick & Co.*, 75 Ga. 715 (5) (1885). The trial court was presented with difficult, disputed issues of fact regarding ali-

mony and property division. See *Fuhrman v. Fuhrman*, supra at 102 (IV) (divorce case involving issues of child custody and support and property division); *In re Emileigh F.*, supra at 645 (III).

We conclude our analysis by turning once more to the wisdom of Justice Bleckley:

> Argument is not only a right, but a material one. It is not a mere ornamental fringe, hung upon the border of a trial. Trial, under our system, is a co-operation of minds – a grave and serious consultation over what should be done and how the end should be accomplished. The attorneys in the cause are not mere carriers to bring in materials for constructing the edifice; they have a right, as representing the parties, to suggest where every important stone should be laid, and to assign reasons, drawn from legitimate sources, in support of their suggestions. Their reasons may be good or bad, but such as they are they should be heard and considered.

*VanDyke v. Martin*, supra at 469-470. Accordingly, the trial court committed reversible error in refusing to allow Wife's counsel to make a closing argument. We will now discuss and resolve the remaining issues, since they are likely to recur on retrial.

2. The trial court's judgment required Husband or his corporation to hire Wife at a salary of $1,500 per month and provided that her duties as an employee shall be up to her. The trial court also required Husband or his corporation to continue to provide Wife with the medical insurance coverage presently in effect. If Husband or his corporation should terminate Wife's employment, he would then pay her $1,500 per month as alimony and provide her with the same medical coverage now in effect. Wife urges that the trial court erred in disguising alimony as wages.

Such employment provisions are apparently unusual and are not mentioned in any reported case in Georgia. See *Stewart v. Stewart*, 866 SW2d 154, 157-158 (Mo. App. 1993) (pretermitting a similar issue). However, "the superior court judge presiding over a divorce case exercises all of the traditional powers of chancellor in equity, except as otherwise provided by law." *Allen v. Allen*, 260 Ga. 777, 778 (3) (400 SE2d 15) (1991). An automatic future modification of alimony is valid when a fixed amount is awarded and the modification is contingent on a specified change in an income source or an obligation. *Howard v. Howard*, 262 Ga. 144, 145 (2) (414 SE2d 203) (1992); *Wood v. Wood*, 257 Ga. 598, 599 (1) (361 SE2d 819) (1987). We do not know of any reason why a specific change in Wife's employment status cannot constitute such a contingency. See *Stein v. Stein*, 714 A2d 1272, 1273 (Conn. App. 1998).

However, a court "may not compel a person to continue in any particular employment. [Cit.]" *In re Marriage of Jadwin*, 671 SW2d 9, 11 (Mo. App. 1984). This principle applies here even though Wife determines her particular duties, since the law implies " 'a duty of loyalty, faithful service and regard for an employer's interest.' [Cit.]" *DeKalb Collision Center v. Foster*, 254 Ga. App. 477, 481 (562 SE2d 740) (2002). Thus, virtually forcing her to accept and continue employment, whatever the form, would raise Thirteenth Amendment concerns. *Stewart v. Stewart*, supra at 159 (Gaertner, J., concurring in part and dissenting in part). If, on retrial, the trial court still wishes to allow the employment of Wife by Husband as a substitute for alimony, its final order should explicitly permit Wife to terminate that employment at any time without being deprived of the benefit of the alternative alimony and medical coverage provisions.

3. The trial court found that Husband's percentage interest in real property located on North Expressway occupied by "Griffin Building Supply Company" is his separate property and not a marital asset, and that 49% of "West Griffin Building Supply, Inc." is a marital asset and subject to division. Wife contends that, contrary to the trial court's findings, the evidence does not show the existence of an entity called "Griffin Building Supply Company," and the North Expressway property is actually owned by "West Griffin Building Supply, Inc." and should have been divided as part of that corporate marital asset.

The trial court was somewhat ambiguous in its judgment and was in error if it believed that the corporation did not own the North Expressway property and if it determined that such property was not marital property for that reason. However, it appears that the trial court was not thus confused, but rather that it viewed Husband's interest in the corporation as an asset which is marital in part and separate in part under the "source of funds" rule. See *Hubby v. Hubby*, 274 Ga. 525, 526 (556 SE2d 127) (2001). The trial court was authorized to conclude that that portion of the value of Husband's interest in the corporation which was attributable to the realty was his separate property as a gift from his father during the marriage, and that the remaining value of Husband's interest in the corporation, which was not attributable to the realty, was subject to equitable division. See *Wright v. Wright*, supra at 134 (1). In any event, the trial court will be able, on retrial, to clarify its understanding of the ownership of the property and its application of the principles of equitable distribution.

4. Wife further contends that the trial court erred in refusing to allow the testimony of a licensed real estate agent concerning the market value of the North Expressway property. The trial court ruled that "he's not qualified as an expert in the field of real estate

appraisal and he can't give an opinion of the value." However, a lack of expertise as an appraiser "went merely to the weight of his testimony and not the admissibility of his testimony." *Prestley Mill Professional Center v. Nat. Bank of Ga.*, 183 Ga. App. 161, 164 (4) (358 SE2d 307) (1987). "A person need not be a licensed real estate broker, appraiser or salesman to qualify as" an expert sufficiently qualified to give his opinion on the value of property. *Longino v. City of Atlanta*, 127 Ga. App. 299, 300 (193 SE2d 190) (1972). On retrial, therefore, the trial court should not exclude the witness' testimony on the basis that he is not a licensed appraiser.

Husband argues that the witness was not qualified to apply "lack of marketability" and "lack of control" discounts to the valuation of property which is part of a closely held business. Whether such discounts would be appropriate is unclear. See *Blitch v. Peoples Bank*, 246 Ga. App. 453, 455 (1) (540 SE2d 667) (2000) (rejecting the discounts in action by dissenting shareholders); Anno., 2003 ALR5th 11. However, an otherwise qualified expert may testify as to the value of property even if he is unable to apply an appropriate discount. *Burns v. Brown*, 73 Ga. App. 488, 491 (2) (37 SE2d 233) (1946). Thus, the trial court may not exclude expert testimony on value, offered by Wife, merely because Husband believes that marketability and minority discounts are necessary. Rather, Husband has the burden of presenting evidence to justify such discounts in response to any evidence which Wife presents regarding the value of corporate marital assets. *Bosserman v. Bosserman*, 384 SE2d 104, 109-110 (Va. App. 1989); *Popp v. Popp*, 432 NW2d 600, 607 (I) (E) (Wis. Ct. App. 1988). See also *Burns v. Brown*, supra.

*Judgment reversed. All the Justices concur, except Fletcher, C. J., who dissents.*

FLETCHER, Chief Justice, dissenting.

Even without a showing of prejudice, the majority opinion will require the reversal of any bench trial in which the trial judge denied a party's request to present closing argument. Although the rule is clear in Georgia that parties have an absolute right to closing argument in a jury trial,[1] there is no justifiable reason to extend that rule to bench trials. Because there is no evidence that the trial judge's decision not to hear closing arguments in this case harmed either of the parties, there is no need to reverse the entire case. Accordingly, I dissent.

The majority cites no Georgia case in which a bench trial was reversed for the trial court's refusal to allow the parties to present a

---

[1] See *VanDyke v. Martin*, 55 Ga. 466 (1875).

closing argument. The best that is offered is 125-year-old dicta. In *Early & Lane v. Oliver & Norton,* this Court wrote eloquently about the importance of argument to the "mental satisfaction" of the parties.[2] But the Court in that case ruled that the refusal to allow equal time for closing arguments did not require reversal because the Court was not convinced that the outcome would have been different had the trial court listened to the proposed closing argument.[3]

The underlying flaw in the majority opinion is the conspicuous absence of any similar "harm" analysis. The Court in *Early & Lane* read the proposed argument and stated that "though it was both able and extended, we cannot think that it would or should have been followed by a different judgment if the [trial judge] had heard every word of it."[4] Since there was no showing here of the proposed closing argument or how the plaintiff was harmed by the court's refusal to hear it, there is no basis for reversal.[5]

Neither can the majority draw any legitimate support from *Madison v. Montgomery.*[6] In that case, this Court again refused to reverse a judgment due to the trial court's refusal to hear oral arguments in a bench trial, ruling instead that the parties had waived the issue.[7] The Court did not conclude that an error had occurred, but ruled that even "if one had in fact been committed," it did not require reversal of the case.[8]

The only Georgia case cited by the majority to directly decide whether a trial court's refusal to hear closing argument during a bench trial warranted reversal of the case is *Jolly v. Catoosa County Bd. of Ed.*[9] In that case, this Court clearly stated that "the case being for decision by the judge without a jury, [the trial judge's] refusal to hear argument is not such an abuse of discretion as will require a reversal." This is far sounder reasoning than that offered by the majority in this case, and should carry the day, at least absent a showing of prejudice.[10]

The trial judge, having heard the evidence presented by the par-

[2] 63 Ga. 11, 18, 19 (1879).

[3] Id. at 19-21.

[4] Id. at 20.

[5] See also *Motor Service Express v. Cowan,* 120 Cal. App. 284, 286 (7 P2d 763) (1932) (court's refusal to hear closing arguments no basis for reversal where "[n]o showing is made that appellant suffered any prejudice from such refusal, nor is it shown that counsel had any authorities or argument to submit which had not previously come to the court's attention.").

[6] 206 Ga. 199 (56 SE2d 292) (1949).

[7] Id. at 205-206.

[8] Id. at 206.

[9] 171 Ga. 193 (2) (154 SE 788) (1930).

[10] In both *Early & Lane* and *Jolly,* the trial court's decision with respect to closing argument was addressed under the abuse of discretion standard. The majority opinion makes no mention of that deferential standard in the present case.

ties, is in the best position to know whether closing argument is necessary to reach a decision in the case. Absent a showing that a party suffered some prejudice as a result of the denial of its request for closing argument, it is simply a waste of judicial resources to require a trial judge to listen to closing arguments in every case under threat of reversal on appeal. The courts of many other states follow this sensible rule.[11]

Because the trial judge is in the best position to determine the necessity of closing argument in a non-jury civil trial, there is no sound reason for this Court to compel him to do so, absent a showing that he abused his discretion and thereby unfairly prejudiced one of the parties.

DECIDED APRIL 27, 2004.

*Jan V. Hinson, Alice A. Blanco, Robert L. Jones*, for appellant.
*David A. Webster*, for appellee.

---

[11] See, e.g., *Oil Workers Intl. Union v. Superior Court*, 103 Cal. App. 2d 512, 581 (230 P2d 71) (1951) ("Oral argument in a civil proceeding tried before the court without a jury, is a privilege, not a right, which is accorded the parties by the court in its discretion."); *Warner v. Close*, 96 SW 491, 492 (Mo. App. 1906) ("where a court decides a civil suit submitted to him on the law and evidence, where he acts without hearing the arguments of counsel, the presumption will arise that no such argument was necessary to aid the court to come to a just conclusion."); *Barnes v. Benham*, 75 P. 1130 (Okla. 1904) ("where a case is tried to a court, and after the evidence is all in it is fully satisfied as to the weight of the evidence and the law of the case, it is not compelled to listen to arguments."); *Pozitzer v. W.R. Martin Co.*, 374 SW2d 194, 195 (Ky. 1964) ("if in [the trial judge's] sound discretion [oral] argument is unnecessary we see no valid reason why he should be compelled to hear it.").