SALLY KIEVMAN *vs.* JOSEPHINE GREVERS ET AL.

MALTBIE, C. J., HINMAN, BANKS, AVERY and BROWN, JS.

Argued December 3d, 1936—decided February 4th, 1937.

*William J. McKenna,* with whom was *Anthony A. E. DeLucia,* for the appellant (plaintiff).

*Franklin Coeller,* for the appellees (defendants).

Brown, J. These material facts are established by the finding: February 20th, 1932, Michael DiBiaso by warranty deed conveyed the premises to the plaintiff and the defendant Grevers subject to a $1425 balance due on a first mortgage to Samuel Gross and unpaid taxes which they assumed. The only other consideration for the conveyance was $50 originally paid by the plaintiff to bind the bargain, $100 paid by her when the deed was given, and a second mortgage back to DiBiaso for $1860, executed by her and the defendant Grevers. On September 29th, 1933, Gelsomina Ciarle-

glio as assignee of the first mortgage, obtained a judgment of strict foreclosure finding the debt to be $1536.36 and fixing the first Monday in January, 1934, as the limitation of the time for redemption for both the plaintiff and the defendant Grevers. On December 26th, 1933, the plaintiff redeemed the premises by paying $1637.10. A lis pendens in this action was recorded August 24th, 1933, on the West Haven land records. On January 21st, 1934, the plaintiff received a certificate of redemption reciting that she and the defendant Grevers had paid the debt in the foreclosure action. This she recorded on the land records the next day. On January 4th, 1934, the defendant Grevers executed to the defendant Palladino a quit-claim deed of all her interest in the premises, which deed was recorded on the land records the next day. When this deed was given, Palladino knew that the plaintiff had redeemed and discharged the foreclosure judgment. Additional facts are stated in the opinion.

The plaintiff by her assignment of errors attacks these vital conclusions by the court: that neither defendant ever abandoned the premises either individually or jointly except as Grevers assigned her interest to Palladino; that defendant Grevers by failing to pay her part of the mortgage debt had not relinquished her interest in the property; that the plaintiff's only remedy is by foreclosure against the property for the sum she had expended, less the defendants' share of any receipts from the property; and that the plaintiff is not entitled to a declaratory judgment. The first conclusion above is supported by the subordinate facts found and therefore cannot be disturbed upon this appeal. While it is true that such subordinate facts as the failure of the defendant Grevers to pay or contribute anything toward the carrying charges on the property after she and the plaintiff took title, which

compelled the plaintiff to pay these out of her own funds, her further failure to take any action to try to prevent or delay the entering of the foreclosure judgment after she had been duly served, her further failure to communicate with the plaintiff concerning, or to contribute toward, the redemption of the property after the foreclosure judgment was entered, and her failure after the plaintiff had redeemed to either ask any accounting or offer to contribute her share of what had been paid therefor, by themselves tend to support the plaintiff's contention, other subordinate facts found point the other way. Among these are: the defendant Grevers was a dressmaker who had no money or property of her own; on several occasions after she and the plaintiff purchased the property, she told the plaintiff of efforts she was making to obtain money; and on January 4th, 1934, she dealt with the title as owner by deeding her interest to Palladino. The determinative element upon the issue of abandonment is that of intent. We cannot say, upon the subordinate facts found, that the trial court's conclusion that neither defendant's interest in the property had been abandoned was unwarranted. It did not err in arriving at this conclusion.

The determination of whether the defendant Grevers' failure to pay her part of the mortgage debt resulted in the relinquishment of her interest in the property, involves the application of well established principles of equity. Tenants in common stand in confidential relations to each other in respect to their interests in the common title under which they hold, and since it would be inequitable for one, without the consent of the others, to buy in an outstanding adversary claim to the common estate and assert it for his exclusive benefit to their injury, if he does acquire such claim, he is regarded as holding it in trust for

the benefit of all of those of his cotenants in proportion to their respective interests in the common property, who seasonably contribute their share of his necessary expenditures. Note, 54 A. L. R. 875; 7 R. C. L. 857, § 51. The principle is applied to protect his cotenants against the buyer's breach of good faith. (54 A. L. R. 878, note.) And this case, where the incumbrance was created by a former owner through whom all parties claim title, falls within it. Op. Cit., 894. But as the above statement of the rule suggests, "a cotenant may, by delay, lose the right to benefit by the purchase of an outstanding title by his fellow owner." A failure upon his part to offer to contribute within a reasonable time under the circumstances, prejudicing the position of his purchasing cotenant, will have this effect. Op. Cit., 910.

A cotenant's right to demand or to make contribution in a case of this nature is one within equitable jurisdiction. *Harrell* v. *Harrell,* 174 La. 957, 966, 142 So. 138, 141; *Mandeville* v. *Solomon,* 39 Cal. 125, 133; *Willoughby* v. *Brandes,* 317 Mo. 544, 297 S. W. 54, 58. The purchaser of the outstanding title becomes a constructive trustee for his cotenants. 1 Perry, Trusts & Trustees (7th Ed.) p. 201. Thus his title may be confirmed by acquiescence and lapse of time as well as by the express act of his cotenants. See Op. Cit., p. 329, note to § 195. In the former situation it is the equitable doctrine of laches which cuts off the right of the cotenant to contribute and so retain his share in the property. The court's conclusion that the defendant Grevers had not relinquished her interest in the property must stand, therefore, unless the facts found disclose laches upon her part rendering it unwarranted.

While the finding shows that from February 20th,

1933, when the plaintiff and the defendant Grevers took title, until June 16th, 1936, the date of judgment, the plaintiff paid all of the carrying charges in addition to redeeming the mortgage, and that the defendant Grevers made no contribution thereto, it reveals no change in conditions resulting in prejudice to the plaintiff, who by virtue of her payment of the mortgage debt had become subrogated to the rights of the mortgagee. In the absence of such prejudice, laches cutting off the defendant Grevers' interest could not be found. As we said in *Bassett* v. *City Bank & Trust Co.*, 116 Conn. 617, 629, 165 Atl. 557, quoting from *Chase* v. *Chase*, 20 R. I. 202, 204, 37 Atl. 804: "So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no step to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable and operates as an estoppel against the assertion of the right." And see *Kiley* v. *Doran*, 105 Conn. 218, 228, 134 Atl. 792, and *Allis* v. *Hall*, 76 Conn. 322, 334, 56 Atl. 637. The court did not err in concluding that the defendant Grevers' interest had not been relinquished.

Since a cotenant by her laches may lose her right to retain her interest by contribution, and the bringing of an action of foreclosure by the purchaser would concede that such right persisted, the court was mistaken in stating that the only remedy which the plaintiff had here was by foreclosure. Under our present practice, upon the pleadings in this case she had a right to have determined the questions of whether she was sole owner of the property, and of whether the

defendant Grevers had lost any interest in the property which had been hers through her right of contribution.

While, therefore, the court's third and fourth conclusions, attacked by the plaintiff's assignment of errors as above stated, were technically erroneous, neither of these rulings constitutes reversible error. The prayer for relief in an action seeking a declaratory judgment must state with precision the declaratory judgment desired. Practice Book, § 251(b); *Aetna Life Ins. Co.* v. *Richmond,* 107 Conn. 117, 119, 139 Atl. 702. Therefore paragraphs (b) and (c) only of the plaintiff's prayers for relief are sufficient to call for such a judgment. The former asks that the plaintiff be adjudged exclusive owner in fee simple. While the broad judgment for the defendants does not meet the strict formal requirements of a declaratory judgment upon this issue, it affords a substantial and sufficient answer to this claim of the plaintiff. The same is true as to the latter paragraph asking that the defendant Grevers be adjudged divested of all title and interest in the property, for as pointed out, no facts are found warranting any other conclusion upon this issue.

The plaintiff also assigns as error the overruling by the court of her claim that the quitclaim deed from the defendant Grevers to the defendant Palladino was null and void by virtue of § 5746 of the General Statutes, providing for the filing of a lis pendens. While it is true that this deed was executed after the lis pendens had been filed and before the certificate of redemption had been delivered to the plaintiff, the only practical effect of the statute in so far as the plaintiff's and this defendant's rights were concerned, was to prevent the latter from acquiring by the deed any greater rights than the defendant Grevers had in view of the pending

foreclosure action. It did not render the deed null and void.

There is no error.

In this opinion the other judges concurred.