KATHRYN M. PAPCUN *v.* ROBERT A. PAPCUN

COTTER, C. J., BOGDANSKI, HEALEY, PARSKEY and A. ARMENTANO, Js.

Argued June 10—decision released July 29, 1980

*Salvatore C. DePiano,* with whom was *Ralph L. Palmesi,* for the appellant (defendant).

*Stephen J. McGovern,* assistant attorney general, with whom, on the brief, was *Carl R. Ajello,* attorney general, for the appellee (state).

PER CURIAM. On May 1, 1969, the plaintiff commenced an action for divorce. Personal service was made on the defendant and upon his failure to appear, judgment was rendered in favor of the plaintiff on December 1, 1969, and the court ordered the defendant to pay ten dollars weekly as alimony and fifteen dollars weekly for child support for each

---

of the three minor children, issue of the marriage. The court failed to direct that notice of the alimony and child support orders be given to the defendant. On April 22, 1970, the defendant received notice by registered mail, return receipt on file, of the judgment and the orders of alimony and child support, and proof of notice was filed with the court on April 28, 1970.

The defendant made payments of alimony and support until July 29, 1970, when he ceased to make any further payments. Thereafter, on September 24, 1979, the plaintiff made application for a contempt order and a wage execution. The defendant moved to dismiss the application and to waive the unpaid alimony and support arrearage of $25,231.26 which had accumulated since 1970. The trial court denied both of the defendant's motions and he appealed to this court.

Although the defendant assigned as error the denial of both of his motions, he failed to brief his claim regarding the motion to dismiss, and it is therefore considered abandoned. *Healy* v. *White,* 173 Conn. 438, 441, 378 A.2d 540 (1977); *Pappas* v. *Pappas* 164 Conn. 242, 243, 320 A.2d 809 (1973). The defendant asserts that it was error to deny his motion to waive the arrearage for two distinct reasons: (1) the court failed to direct orders of notice and support to the defendant, as required by Practice Book, 1963, § 379,[1] and (2) the plaintiff is pre-

---

[1] "[Practice Book, 1963] Sec. 379 — Notice of Orders for Support or Alimony

In all uncontested divorce actions, such notice as the court shall direct shall be given to nonappearing adverse parties of any orders for support or alimony. No such order shall be effective until the order of notice shall have been complied with. (P.B. 1951, Sec. 240.)"

cluded from collecting the arrearage because of her failure to assert her rights in a timely fashion.

On the facts of this case the failure of the trial court specifically to direct that notice of its orders be given the defendant was not fatal to the validity of those orders. The defendant not only had actual knowledge of the order itself, but also complied with the order for approximately three months. Under these circumstances, notice of the entry of the alimony and support orders would have accomplished nothing, and the failure of the court to direct such notice did not affect the validity of the orders. See *Smith* v. *Smith,* 151 Conn. 292, 197 A.2d 65 (1964). In view of Practice Book, 1963, § 379, making the orders effective upon notice to the defendant, the alimony and support arrearage computation commenced on April 27, 1970.

The defendant's contention that the plaintiff is barred by laches from collecting the arrearage is also unpersuasive. "Laches consists of two elements. 'First, there must have been a delay that was inexcusable, and, second, that delay must have prejudiced the defendant.' *Kurzatkowski* v. *Kurzatkowski,* 142 Conn. 680, 685, 116 A.2d 906 (1955); *Kievman* v. *Grevers,* 122 Conn. 406, 411, 189 A. 609 (1937); 27 Am. Jur. 2d, Equity § 152. The mere lapse of time does not constitute laches; *Finucane* v. *Hayden,* 86 Idaho 199, 206, 384 P.2d 236 (1963); 27 Am. Jur. 2d, Equity § 163; unless it results in prejudice to the defendant; see *Leary* v. *Stylarama of New Haven, Inc.,* 174 Conn. 217, 219, 384 A.2d 377 (1978); *Bianco* v. *Darien,* 157 Conn. 548, 556, 254 A.2d 898 (1969); as where, for example, the defendant is led to change his position with respect

to the matter in question. *Pukas* v. *Pukas,* 104 R.I. 542, 545–46, 247 A.2d 427 (1968)." *Bozzi* v. *Bozzi,* 177 Conn. 232, 239, 413 A.2d 834 (1979).

A conclusion that a plaintiff has been guilty of laches is one of fact for the trier and not one that can be made by this court, unless the subordinate facts found make such a conclusion inevitable as a matter of law. *Bozzi* v. *Bozzi,* supra, 240. Although the defendant claims that he was prejudiced in that he remarried and incurred debts for the purchase of land, a truck, furniture and a boat in reliance on the plaintiff's failure to collect the court-ordered periodic payments, the court found that it was not the plaintiff's inactivity which led him to change his position. The defendant has not presented to this court facts which would make a conclusion that the plaintiff was guilty of laches inevitable as a matter of law.

To further support his claim, the defendant attempts to invoke the doctrine of equitable estoppel in that the plaintiff was precluded from asserting her claims for alimony and support payments. " 'There are two essential elements to an estoppel— the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done.' " *Spear-Newman, Inc.* v. *Modern Floors Corporation,* 149 Conn. 88, 91, 175 A.2d 565 (1961). The trial court found that the defendant had not changed his position in reliance on the plaintiff's nonenforcement of the orders of alimony and support. In the absence of prejudice, estoppel does not exist. The

trial court also found that there is nothing in the record to indicate that the defendant did some act to his injury which he otherwise would not have done, which act was induced by any representations by the plaintiff. We cannot say that the trial judge was in error.

There is no error.