### TRAVELERS INSURANCE COMPANY *v.* CONNECTICUT BANK AND TRUST COMPANY

SUPERIOR COURT     JUDICIAL DISTRICT OF     FILE NO. 253665
HARTFORD-NEW BRITAIN AT HARTFORD

Memorandum filed May 10, 1984

*P. Bryden Manning,* for the plaintiff.
*Ann M. Siczewicz,* for the defendant.

EDELBERG, J. On or about July 11, 1978, the plaintiff drew a check on the defendant in the sum of $6507.25 and made payable to the order of "James Bryant and Citibank of Roch." The check was negotiated without

the endorsement of Citibank of Rochester. The defendant subsequently honored the check on presentation and charged the check to the plaintiff's account. The defendant made the check available to the plaintiff on or about July 19, 1978.

The plaintiff discovered the missing endorsement on or about March 27, 1979, and notified the defendant on April 9, 1979.

The plaintiff seeks to recover damages incurred as a result of the defendant's alleged breach of duty to the plaintiff.

The defendant raises a special defense that the plaintiff failed in its duty owed to the defendant under § 42a-4-406 of the General Statutes to review the check for missing endorsements and to notify the defendant thereof promptly.

The plaintiff filed a motion for summary judgment. Section 42a-4-406 (1) places upon the customer the responsibility of reasonable care and promptness to examine the bank's statement of his account and items to discover "his unauthorized signature or any alteration on an item" and to notify the bank promptly after discovery thereof.

Section 42a-4-406 (2) provides: "If the bank establishes that the customer failed with respect to an item to comply with the duties imposed on the customer by subsection (1) the customer is precluded from asserting against the bank (a) his unauthorized signature or any alteration on the item if the bank also establishes that it suffered a loss by reason of such failure . . . ."

Section 42a-4-406 (4) precludes a customer from asserting a claim against the bank if he does not within one year from the time the statement and items are made available to the customer discover and report his unauthorized signature or any alteration on the face

or back of the item or does not within three years from that time discover and report any unauthorized endorsements.

Section 42a-4-406 (5) provides: "If under this section a payor bank has a valid defense against a claim of a customer upon or resulting from payment of an item and waives or fails upon request to assert the defense the bank may not assert against any collecting bank or other prior party presenting or transferring the item a claim based upon the unauthorized signature or alteration giving rise to the customer's claim."

Section 42a-1-201 (43) defines "unauthorized signature or endorsement" as meaning "one made without actual, implied or apparent authority and includes a forgery."

Section 42a-3-116 provides that instruments payable to the order of two or more persons (if not in the alternative) is payable to all of them and may be negotiated, discharged or enforced only by all of them. See *Perley* v. *Glastonbury Bank & Trust Co.,* 170 Conn. 691, 368 A.2d 149 (1976).

A bank may charge against a customer's account only properly payable items. Id., 696; § 42a-4-401 (1).

The defendant's invocation of the defenses available under section 42a-4-406 is misplaced.

The only responsibilities that section imposes upon the customer are limited to "his [the customer's] unauthorized signature or any alteration on an item." Section 42a-4-406 (1). It imposes no responsibilities on the customer with regard to endorsements of any kind, except that it fixes a three-year statute of limitations on the customer's right to sue for an *unauthorized* endorsement. Section 42a-4-406 (4). See *First National Bank of Arizona* v. *Plymouth-Home National Bank,* 553 F. Sup. 448 (D. Mass. 1982). A *missing* endorsement

does not fall within the definition of "unauthorized" endorsement under § 42a-1-201 (43). In any event, this action was brought less than three years from the date the defendant furnished to the plaintiff the statement of account.

In *Madison Park Bank* v. *Field,* 64 Ill. App. 3d 838, 381 N.E.2d 1030 (1978), the Illinois Appellate Court acknowledged a conflict of authority as to the applicability of § 42a-4-406 (4) of the Uniform Commercial Code to absent (or missing) signatures. In concluding it was inapplicable, the court stated: "[T]o do otherwise results in what we believe to be a tortured construction and interpretation of section 4-406 (4). Had this statute been intended to include protection to a bank where there is an absence of a signature such could have been written into the law. That such a provision is not in the law is readily understandable since an unauthorized, altered or forged signature would be more readily discoverable by a depositor; however, discovering a missing signature places no undue onus on a bank." Id., 841.

The defendant also asserts a defense of laches. Laches consists of two elements: (1) that the delay was inexcusable, and (2) that the delay must have prejudiced the defendant. *Papcun* v. *Papcun,* 181 Conn. 618, 620, 436 A.2d 282 (1980). Neither element has been met.

There being no genuine issue as to any material fact and the plaintiff being entitled to judgment, the plaintiff's motion for summary judgment is granted.

Judgment may enter for the plaintiff to recover of the defendant the sum of $6507.25 plus interest in the amount of $3738.62 together with taxable costs.