[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant, Tilcon Tomasso and the plaintiff, Superior Products Distributors, Inc. have filed competing motions for summary judgment against one another. The plaintiff recorded a certificate of attachment on February 24, 1989, in Volume 113, page 312 of the Burlington Land Records. Thereafter, on October 23, 1989, the plaintiff obtained a judgment against the defendant William A. Sorensen, Jr. Subsequently, on November 2, 1989, the plaintiff recorded a judgment lien in Volume 118, page 473 of the Burlington Land Records. Said judgment lien notes that "This lien was filed within four (4) months after such judgment was rendered." The defendant Tilcon Tomasso recorded a lien on the property on November 1, 1989, in Volume 118, page 454 of the Burlington Land Records. The defendant Tilcon claims the plaintiff's judgment lien does not comply with Conn. Gen. Stat. section 52-380a in that the judgment lien does not recite certain information concerning the attachment. Therefore, defendant Tilcon argues that the plaintiff's lien does not relate back to the time of attachment. Thus, defendant Tilcon asserts that its lien was recorded before the plaintiff's lien and enjoys priority over plaintiff's lien.
General Statutes section 52-380a(b) reads as follows: CT Page 2667
 (b) From the time of the recording of the judgment lien certificate, the money judgment shall be a lien on the judgment debtor's interest in the real property described. If, within four months of judgment, the lien is placed on real property which was previously attached in the action, the lien on that property shall hold from the date of attachment, provided the judgment lien certificate contains a clause referring to and identifying the attachment, substantially in the following form: "This lien is filed within four months after judgment in the action was rendered and relates back to an attachment of real property recorded on (month) (day) (year), at Volume ___ Page ___ of the ___ land records."
The plaintiff's failure to include pertinent data relating to the time of the attachment prohibits the plaintiff from asserting that his judgment lien relates back to the time of the attachment. See Conn. Gen. Stat. sec. 52-380a(b). The plaintiff attempts to circumvent the requirements of sec.52-380a by claiming that the attachment remains valid under sec. 52-327 and that the plaintiff has complied with sec.52-328(b) which requires only that a judgment lien be filed within four months of a final judgment. On the issue of establishing priority of liens, however, it is sec. 52-380a(b) which controls. Specific terms of a statute governing the given subject matter will prevail over general terms of another statute which might otherwise be controlling. Oles v. Furlong,134 Conn. 334, 342 (1948). Therefore, plaintiff's compliance with secs. 52-328(b) and 52-327 does not cause plaintiff's lien to take priority over defendant Tilcon's lien. This failure of plaintiff to take priority over the defendant Tilcon's lien is caused by plaintiff's failure to adhere to sec. 52-380a(b).
Similarly, plaintiff's claim that it is in substantial compliance with sec. 52-380a must fail. The plaintiff has failed to place upon the judgment lien specific information relating to the time of attachment. Such information is statutorily required. "No word in a statute should be treated as superfluous or insignificant." O'Brien Properties Inc. v. Rodriquez,215 Conn. 367, 372 (1990). In view of this principle of statutory construction, the plaintiff cannot be said to be in substantial compliance with sec. 52-380a(b) which requires that to establish priority the judgment lien must note the month, day, and year of attachment. CT Page 2668
Ordinarily, the factors discussed herein would lead to summary judgment for the defendant Tilcon Tomasso. The plaintiff, however, claims that the defendant Tilcon should not be allowed to assert priority. In a pleading dated March 2, 1990, Tilcon admitted that it had no defense. The court (Aronson, J.) entered a default for failure to disclose a defense. On April 29, 1991, defendant Tilcon moved to open default in order to file a disclosure of defense. That motion was granted on June 5, 1991. The defendant then filed its answer and special defense. The defendant now relies upon its special defense in this motion for summary judgment.
The plaintiff claims that the defendant's delay in filing its defense results in the defendant being guilty of laches and should therefore bar judgment in favor of the defendant. The conclusion that a party is guilty of laches is one of fact for the trier, unless subordinate facts found make such a conclusion inevitable as a matter of law. Papcun v. Papcun,181 Conn. 618, 621 (1980). In this instance the issue of laches is a question of fact. Therefore, summary judgment cannot be rendered.
Accordingly, the opposing motions for summary judgment are denied.
JOHN M. BYRNE JUDGE, SUPERIOR COURT CT Page 2669
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 2670