[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION FOR CONTEMPT
The marriage of the parties was dissolved by this court on December 11, 1974. An executed separation agreement was incorporated by reference into the decree. Pursuant to the agreement, the plaintiff was to pay to the defendant periodic alimony, for his lifetime or until the defendant's death or CT Page 4759 remarriage, in the amount of $12,000 per year.
The plaintiff moved to Texas in March, 1980 and currently resides there. He paid the required amounts of alimony through the May 15, 1982 payment and then, without explanation, stopped making payments and has paid nothing since that time.
Between 1982 and the present, the defendant tried on at least two occasions to get the Bureau of Support Enforcement to help her collect the arrearage, but without success.
On February 21, 1992, the defendant filed the subject motion. The plaintiff appeared with counsel, and a hearing was held on May 11, 1992.
The court has reviewed the evidence and the brief of the defendant in reaching the decisions reflected in the orders that follow. The parties were requested to file briefs by May 26, 1992. The defendant filed her brief on time, and the plaintiff failed to file his brief.
The following orders may enter:
(1) The plaintiff is found in contempt. The court finds the arrearage owed to be $120,000 through May, 1992.
The plaintiff orally pleaded the defenses of Laches and Estoppel. However, the plaintiff offered no evidence on either of these claims and failed to sustain his burden of proof. Mere lapse of time does not constitute laches unless it results in prejudice to the party raising the defense. Papcun v. Papcun, 181 Conn. 618 (1980).
(2) The defendant's request for interest is denied. The court believes that the provisions of Connecticut General Statutes 52-350 a (7) and (13) prevent it from awarding interest on alimony arrears.
(3) The defendant's request for reasonable attorneys fees is granted. The defendant is entitled to this award under paragraph 10.3 of the separation agreement.
The court will hold a hearing on June 15, 1992 at 9:30 a.m. to give the parties the opportunity to be heard on the amount of fees to be awarded.
NOVACK, J. CT Page 4760