[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE
The plaintiff instituted the present action alleging that it was the owner of a Jaguar automobile that was transferred by one John Corsa to the defendant as a trade-in on a new automobile. The plaintiff further alleged that John Corsa delivered to the defendant a certificate of title for the automobile which bore the signature of Carol Corsa, president of the plaintiff. The plaintiff also alleges that the certificate of title was forged and that the Jaguar automobile was transferred to the defendant without the permission and consent of the plaintiff and that the defendant converted the Jaguar Automobile to its use. The Second Count of the complaint alleges the facts previously set forth and further alleges that the defendant was negligent in failing to ascertain whether the plaintiff consented to the use of the vehicle as a trade-in for John Corsa and whether Carol Corsa executed the certificate of title.
The defendant has moved to strike the First and Second Counts of the Complaint asserting that the defendant has not wrongfully appropriated the automobile; that pursuant to General Statutes42a-2-403(2) and (3), the defendant was entrusted with the goods with the power to transfer rights in the automobile; that the defendant is a bona fide purchaser for value; and that there is no duty upon the defendant which can give rise to a cause of action in negligence.
"Conversion occurs when one, without authorization, assumes and exercises the right of ownership over property belonging to another to the exclusion of the owner's rights." Luciani v. Stop Shop Cos., 15 Conn. App. 407, 410 (1988). The allegations of the first count are sufficient to set forth a case of action for conversion. CT Page 9056
The defendant's arguments regarding General Statutes 42a-2-403
(2) and (3), even assuming the Statute to be applicable, attempt to argue the merits of the case and to incorporate claims not evident on the face of the complaint.
"To sustain a cause of action (in negligence) the court must determine whether the defendant owed a duty to the (plaintiff); . . . and the applicable standard of care . . . . The existence of a duty is a question of law . . . The requisite duty to use care may stem from a contract, from a statute, or from circumstances under which a reasonable person would anticipate the harm of the general nature of that suffered was likely to result." Sheiman v. Lafayette Bank Trust Co., 4 Conn. App. 39, 44-45 (1985). (Citations omitted) The allegations of the Second Count of the complaint are sufficient to set forth four facts upon which the existence of a duty may be found.
The defendant's final argument is that the plaintiff's action should be barred by the doctrine of latches because the defendant failed to notify the defendant of its claim for two and one half years. "`Latches consist of two elements. First, there must have been a delay that was inexcusable and, second, that delay must have prejudiced the defendant.'" Papcun v. Papcun, 181 Conn. 618, 620
(1980) (citations omitted). "A conclusion that the plaintiff has been guilty of Latches is generally a question of fact and not a question to be decided by the court unless the subordinate facts are such as to make such a conclusion inevitable as a matter of law." Papcun v. Papcun, supra, at 621. Upon the allegations of the complaint the existence of latches cannot be decided as a matter of law.
Accordingly, the Motion to Strike is denied.
RUSH, J.