[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action is an appeal from the Family Support Magistrate, Ginsberg, FSM, pursuant to Connecticut General Statutes § 46b-231(n). The claim of the petitioner was articulated by the Assistant Attorney General, representing Support Enforcement, who had been asked to enforce a Connecticut child support order for a petitioner residing in California.
On September 13, 1994, the magistrate found that the petitioner was equitably estopped from claiming a child support arrearage. The magistrate believed that there was an understanding between the parties as to which parent would claim the income tax deduction for the minor child if the respondent ceased making child support payments.
The parties were divorced in Connecticut on November 11, 1980. The plaintiff mother was the custodial parent of Amy Lynn, and the defendant father had rights of reasonable visitation, and was ordered to pay Forty ($40.00) Dollars per week in child support. The defendant was further granted the tax deduction for the minor child. (Lexton, J.)
Approximately six months later, the plaintiff left Connecticut with the child and resided in various locations, including California, from where the request for child support emanates. The magistrate found the facts in favor of the respondent on the issue of an agreement that no child support be paid in exchange for the plaintiff/petitioner's ability to take the tax deduction for the minor child. The court heard testimony concerning an audit, conducted in 1982, because the defendant claimed the deduction without having paid child CT Page 5683 support in 1981.
The magistrate found that the doctrine of equitable estoppel would prevent the petitioner from claiming an arrearage of Twenty-four Thousand, Eight Hundred Seventy-nine and 48/100 ($24,879.48) Dollars. The magistrate found that the petitioner had agreed to not claim child support for a number of years, while the respondent gave up his right under the judgment to claim the child as a deduction. The magistrate appears to have found that he had relied on her agreement to put himself in a worse position, and cannot be called upon at this time to make up the arrearage. The magistrate made no specific findings on the issues of estoppel.
This court has reviewed four transcripts of argument and testimony dated May 9, 1994, June 24, 1994, August 2, 1994, and September 13, 1994. The court also has reviewed briefs filed on behalf of the respondent, and the trial brief of the petitioner, filed by the State of Connecticut. Despite requests, the State of Connecticut declined to file a brief on this appeal. The court appointed counsel to represent the interests of the minor child. This court was concerned that the parties had operated outside the court process for so long, and had made significant decisions concerning the child which were not scrutinized by the court, and had prejudiced the interests of their child in that process.
The record with respect to facts is short and the passage of time impacted the recollection of the respondent. He did testify that the parties agreed that there would be no payment of child support, and that the petitioner would take the tax deduction, which she did. The respondent was unclear if the IRS audit of his claim of the child deduction occurred prior to their agreement, but thought it was. The petitioner did not have the resources to come to the State of Connecticut, but submitted an affidavit that no agreement had been made with the respondent for him to not pay child support in exchange for the deduction. The magistrate accepted his testimony.
The magistrate did not assess the claim of the State of Connecticut that the child had an independent right to CT Page 5684 support, and that the parents lacked the authority to give up that right. The magistrate based his opinion on estoppel, without a specific finding that the respondent had been prejudiced.
The State claims that the magistrate's decision was clearly erroneous in view of the reliable, probative and substantial evidence on the whole record. The respondent argues that the State offered no coutervailing [countervailing] evidence, and declined to file a brief. The court must review all of the evidence presented on the record to determine if the decision is sustainable.
The court finds that the respondent could not have been prejudiced. The respondent was found to not be entitled to a tax deduction by the IRS prior in time to any conversation with the petitioner. If his claim of prejudice is predicated on his inability to use the tax deduction, then it must also be predicated upon paying the award of child support. Because he did not pay child support, even into a savings account for the future use by the child, he would not have been entitled to the child deduction. The IRS rules would have governed. He was not prejudiced by the nonpayment of support and the loss of the deduction. Even if the petitioner received a benefit in the taking of the deduction, there would not be prejudice to the respondent.
While there is argument in the briefs that the respondent married, had another family and purchased a house, and that those facts amounted to detrimental reliance, we must look to the facts on the record, and that is his obligation to pay Forty ($40.00) Dollars per week in child support. The approximate amount of One Hundred, Seventy ($170.00) Dollars per month expenditure for child support would not be such a significant consideration for the taking on of such obligations for him to claim prejudice therefrom, even if that was alleged on the record. That was not part of the respondent's testimony, and only appeared as argument by counsel, which is not evidence before the court.
The court in its review of the decision of the magistrate has reveiwed [reviewed] the claims of laches, and equitable estoppel, which are distinct. The decision CT Page 5685 appealed from relies on the doctrine of estoppel. InBozzi v. Bozzi, 177 Conn. 232 (1979), the court held that two essential elements needed to be proved to establish the doctrine of equitable estoppel. The first element is that one party must do or say something which induces another to believe in the existence of certain facts, and act on that belief. The magistrate found that that element had been proved, that the parties had agreed to the nonpayment of child support. The second element requires the party to change position in reliance thereon, and that that change causes him "injury." This court finds that the second prong of the Bozzi test is not satisfied on this record. Cases cited by the respondent are distinguishable on their facts.
The respondent ceased making child support payments. He was not deprived of monies upon which he could legally assert a deduction from his income for income tax purposes. He had the benefit of not paying, and was not entitled to claim the deduction. He cannot claim here that he gave up anything. He did not suffer a material detriment. The fact that he was not able to see his child for visitation is severable, as an issue for the court, from this process of child support collection. (See Bozzi, supra.)
The respondent's claim of laches also fails, for while time had elapsed before the petitioner claimed child support, the respondent cannot show prejudice. InPapcun v. Papcun, 181 Conn. 618 (1980), the court found that laches and equitable estoppel were not proved after a nine year delay in the filing of a contempt motion, despite the fact that defendant had remarried, purchased property and indebted himself. The court found that her inactivity did not cause him to make those life decisions.
The court in Lownds v. Lownds, 41 Conn. Sup. 100,551 A.2d 775 (1988) found that there had been no waiver of a claim of child support. The parents of a child cannot waive the child's independent right to child support. See Burke v. Burke, 137 Conn. 74, 75 A.2d 42 (1950);Guille v. Guille, 196 Conn. 260 (1985). The fact that the issue of child support is before the Family Support Magistrate, and the child or children are unrepresented CT Page 5686 in that proceeding does not allow the court to disregard the right of the child or children to support from their parents.
The full disposition of a matter of child support cannot be disposed of by the parents, or ratified or ordered by the court, without inquiry into the needs of the children. While this will not require the appointment of counsel for the minor children in every case, it is clear that arguments against the finding of, and collection of, an arrearage on the basis of laches and/or estoppel should not be litigated without the presence of counsel for the children. Due process will not be met if persons directly concerned have not been given a reasonable opportunity to be heard. Guille,
at 268. Counsel for the minor children can address the issue of whether or not an agreement between the parents fairly accommodates the needs of the children to parental support. O'Connor v. O'Connor, 1992 Ct. Sup. 5925, No. 266845, Superior Court, Judicial District of New Haven, June 17, 1992, Jones, J.
Furthermore, the court after a finding of latches, waiver, or equitable estoppel, should thereafter assess the appropriateness of appointing a guardian ad litem to bring a cause of action for support on behalf of the child. The failure of a custodial parent's claim for support will not necessarily bar an action by the child to recover support not paid, and not advocated for by the custodial parent.
The judgment of the Family Support Magistrate is reversed, and judgment shall enter for the petitioner, finding an arrearage in the amount of Twenty-four Thousand, Eight Hundred, Seventy-nine and 48/100 ($24,879.48) Dollars, effective May 4, 1994, subject to adjustment. The issue of payments on the arrearage is remanded to the Family Support Magistrate.
DRANGINIS, J. CT Page 5687