[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The marriage of the parties was dissolved on December 10, 1975. The judgment provided that the defendant pay child support and lifetime alimony to the plaintiff.
By application, dated April 29, 1996, the plaintiff seeks to hold the defendant in contempt for his failure to make payments in accordance with the judgment.
The plaintiff claims, with one exception, that the defendant has made no support or alimony payments to her since the original judgment was entered in 1975.
The defendant asserts that he paid amounts in excess of the original order until August, 1983. He testified that in August, 1983, the parties entered into an oral agreement that the defendant's obligation for future alimony payments would terminate in consideration for the defendant's furnishing continuing support for the parties two children, including educational expenses through colleges. The defendant filed special defenses claiming laches and estoppel against the plaintiff.
The conflicting testimony of the parties has presented serious questions of credibility. No records or written agreements have been presented by either party. No requests for the court's intervention and assistance have been made since 1976, twenty years prior to the present motion.
The court makes the following findings after considering the evidence presented.
(1) For the period of 1976 through August, 1983, the defendant complied with the orders required under the judgment, and made payments in excess of the amounts ordered.
(2) In August, 1983, the parties entered into an oral agreement in which the defendant undertook responsibility for the maintenance and education of the two children of the parties, including the college educations of both children. In return for the defendant's assumption, of this responsibility his obligation CT Page 9256 to pay alimony to the plaintiff would cease.
(3) Since August, 1983, the defendant has made no alimony payments to the defendant. The defendant did furnish support for his children, including four years college expenses for his daughter and eight years college expenses for his son.
(4) From August, 1983 until 1996, with the exception of requesting financial assistance in 1984 to pay her rent and to pay a federal tax liability in 1986, the plaintiff made no requests for alimony payments from the defendant. During this period, the plaintiff was aware where the defendant resided in both New York and Connecticut.
(5) The plaintiff has presented no reasonable explanation for not making requests for alimony payments from the defendant from August, 1983 until the bringing of the present motion.
(6) The defendant, in reliance on the parties's agreement, did change his position to his detriment. The defendant was under no obligation to support or educate his children after they reached their majority but did so believing his obligation to pay alimony terminated by the plaintiff's acceptance of their agreement.
(7) The defendant was further prejudiced by the plaintiff's inaction in, that, in reliance on their agreement, the defendant did not maintain records to substantiate the payments he made to the plaintiff, for the plaintiff and for the benefit of the children.
The plaintiff has failed to sustain her burden of proof that the defendant wilfully did not comply with the orders of the court entered on December 10, 1975.
For the period from 1976 through August, 1983, the defendant made payments in excess of the orders of the court.
For the years following August, 1983, the defendant has sustained his burden of proof as to the special defenses of laches and estoppel. See Papcun v. Papcun, 181 Conn. 618 (1980).
Plaintiff's motion (#201) is denied.
NOVACK, J. CT Page 9257