# EILEEN DEMARIA v. JOSEPH L. DEMARIA
## (AC 17025)

O'Connell, C. J., and Lavery and Dupont, Js.

Submitted on briefs December 5, 1997—officially released February 24, 1998

*Raymond C. Lubus* filed a brief for the appellant (defendant).

*David P. Ball* filed a brief for the appellee (plaintiff).

*Opinion*

O'CONNELL, C. J. The defendant appeals from the judgment of the trial court denying his postjudgment motion to terminate alimony. He claims that the trial court employed the incorrect standard in making its decision. We reverse the trial court's judgment.

When the marriage of the parties was terminated on June 4, 1992, the judgment of dissolution included a provision stating that "the defendant shall pay to the plaintiff the sum of $85 per week as and for alimony, which alimony shall terminate upon . . . the cohabitation by the plaintiff with an unrelated male . . . ."

On January 29, 1997, the plaintiff filed a motion for contempt on the ground that the defendant had voluntarily and intentionally stopped paying alimony.[1] This was followed, on January 31, 1997, by the defendant's motion to terminate the alimony payments on the ground that the plaintiff had been cohabiting with a male since April, 1996.[2] Following an evidentiary hearing, the trial court found that the plaintiff was living with another person, but also found that there was no evidence that this fact altered her financial needs. As a result, the trial court denied the defendant's motion to terminate alimony.[3]

---

[1] The plaintiff filed a motion to modify child support, which was granted at the same time that the court acted on the other motions of the parties, and which is not involved in this appeal.

[2] The defendant's motion to terminate alimony stated: "The Defendant, Joseph DeMaria, represents as follows:

"1. On June 4, 1992, this court (*Mihalakos, J.*) entered a judgment of dissolution of the marriage.

"2. Pursuant to the terms of said decree, the Defendant was ordered to pay to the Plaintiff as and for alimony the sum of $85.00 per week.

"3. Pursuant to the terms of said decree, the obligation of the Defendant to pay to the Plaintiff alimony would terminate upon the occurrence of Plaintiff's death, remarriage, or cohabitation with an unrelated male.

"4. The Plaintiff has been cohabiting with an unrelated male commencing on or about April, 1996, specifically, Mr. John Foristall, at 2 Farnam Hill Road, Bethel, Connecticut.

"WHEREFORE The [Defendant] respectfully moves for:

"(A) termination of alimony based on the judgment in the file or;

"(B) in the alternative, termination of alimony based on Plaintiff's cohabitation pursuant to Connecticut General Statutes § 46b-86; and

"(C) Reimbursement of alimony payments paid to Plaintiff from April, 1996, until August 31, 1996."

[3] The trial court also acted on the plaintiff's motion for contempt and determined an arrearage amount, but expressly declined to make a finding of contempt.

The defendant argues that he was seeking relief under the judgment of dissolution, which did not require a finding that the plaintiff's cohabitation altered her financial needs. The plaintiff responds that General Statutes § 46b-86 (b) expressly provides that to terminate alimony, the cohabitation must "cause such a change in circumstances as to alter the financial needs of the [cohabiting] party."[4]

The plaintiff is correct that a change in financial circumstances must be alleged and proved when alimony termination is sought on the basis of the statute. In order to find that the party receiving alimony was cohabiting as defined by the statute, the movant has the two-pronged burden of proving that (1) the party receiving alimony was living with another person and (2) the living arrangement caused a change of circumstances so as to alter that party's financial needs. *D'Ascanio* v. *D'Ascanio*, 237 Conn. 481, 486, 678 A.2d 469 (1996).

A different rule pertains, however, when relief from alimony is sought pursuant to a clause in the judgment that does not require that the cohabitation alter the financial needs of the cohabiting party. *Milhalyak* v. *Milhalyak*, 30 Conn. App. 516, 520–21, 620 A.2d 1327 (1993). In such a situation, proof of cohabitation alone is sufficient to terminate alimony. Id., 522.[5]

---

[4] General Statutes § 46b-86 (b) provides: "In an action for divorce, dissolution of marriage, legal separation or annulment brought by a husband or wife, in which a final judgment has been entered providing for the payment of periodic alimony by one party to the other, the Superior Court may, in its discretion and upon notice and hearing, modify such judgment and suspend, reduce or terminate the payment of periodic alimony upon a showing that the party receiving the periodic alimony is living with another person under circumstances which the court finds should result in the modification, suspension, reduction or termination of alimony because the living arrangements cause such a change of circumstances as to alter the financial needs of that party."

[5] The plaintiff contends that *Milhalyak* v. *Milhalyak*, supra, 30 Conn. App. 516, is inapplicable to the present case because it involved a judgment that

The issue before us is whether the defendant's motion should have been considered pursuant to the statute or pursuant to the judgment. The motion alleges that the dissolution judgment provided for alimony termination in the event of cohabitation with an unrelated male and that the plaintiff has been so cohabiting.[6] The defendant claims that he was distinctly seeking enforcement of the dissolution judgment, rather than pursuing relief under the statute and, therefore, a finding of a change in financial needs was not required. We agree.

When a trial court draws conclusions of law, our review is plenary and our function is to determine whether the trial court's conclusions are legally and logically correct and find support in the facts that appear in the record. *Morton Buildings, Inc.* v. *Bannon*, 222 Conn. 49, 53, 607 A.2d 424 (1992).[7] The defendant's motion as well as the trial court transcript[8] support the

incorporated an oral stipulation of the parties. Contrary to the plaintiff's argument, the fact that the cohabitation provision in the judgment at issue here did not initiate as a stipulation between the parties does not change our analysis. The controlling fact is that the judgment contained the cohabitation provision; the origin of the provision is irrelevant. The same provision also required that alimony "terminate upon the death of either party [or] the remarriage by the plaintiff . . . ." If either of those circumstances had occurred, the judgment of the court would have been given effect and alimony would have terminated. The cohabitation provision of the judgment should not be treated any differently.

[6] See footnote 2, paragraphs three and four of the defendant's motion.

[7] Issues of law on appeal are reviewed de novo. See *State* v. *Atkinson*, 235 Conn. 748, 759 n.17, 670 A.2d 276 (1996); *State* v. *Geisler*, 222 Conn. 672, 694, 610 A.2d 1225 (1992).

[8] The following charge occurred during the defendant's cross-examination:

"Q. Mr. DeMaria, you—you testified that you stopped making alimony payments to your ex-wife on what date?

"A. I believe the last time I paid her was August 31, 1996.

"Q. And, why did you stop payment?

"A. I stopped payment because my wife has been living with Mr. John Foristall for the past year on a regular basis somewhere between four to six nights a week, and I discussed with my wife her behavior, and I said, 'This is unacceptable. First of all, you have two younger children in the household, and therefore, if you're going to continue this, *I'm not going to pay you per our divorce agreement.*'

defendant's claim that he was seeking to enforce the terms of the dissolution judgment. The motion claims termination of alimony on the authority of the judgment and the transcript is bereft of any reference to a claim for relief under the statute. The sole reference to the statute is in the motion's claim for relief, which requests termination of alimony based on the judgment or, "in the alternative," termination based on the statute.

The plaintiff contends that the defendant's alternative form of pleading in the request for relief enabled the trial court to issue its findings on the basis of *either* of the alternative grounds for relief. That principle is true only to the extent that the trial court could have *granted* the defendant's requested relief on either of the alternative grounds. The trial court was not authorized, however, to deny the defendant relief based on one ground without ever addressing the merits of the alternative ground. A prayer for relief in alternative form is defined as "[a] prayer in a pleading . . . being in the alternative, so that if one kind of relief be denied, another may be granted. . . ." Ballentine's Law Dictionary (3d Ed. 1969); see also *Makusevich* v. *Gotta*, 107 Conn. 207, 209, 139 A. 780 (1928) (" 'causes of action . . . are stated in one form of complaint, and judgment may be rendered for the relief demanded upon any right of action which the facts alleged in the complaint are sufficient in law to support' ").

"Q. Now, when you say, divorce agreement, what are you referring to, Mr. DeMaria?

"A. Um—We were divorced in June of 1992. I called it an agreement. I believe *it's a judgment, and per the paragraph* of the agreement it says that if my ex-wife dies, remarries, or cohabits, alimony will stop. And, therefore, I felt that she was—had been cohabiting for a number of months via the information I had from my children and—and other people.

"Q. *So, your stopped payment of alimony was just enforcement of the decree. Is that correct?*

"A. Yes, *my interpretation of the decree was that it stopped upon her doing one of those three things.*" (Emphasis added.)

Under the circumstances, it is clear that the defendant was seeking relief under the terms of the judgment of dissolution and the trial court incorrectly relied on the statutory requirement of a change in financial need. In view of its finding that the plaintiff was living with another person, the trial court should have terminated the defendant's alimony under the self-executing termination clause in the judgment.

The judgment is reversed and the case is remanded with direction to grant the defendant's motion to terminate alimony and to vacate the finding of alimony arrearage.

In this opinion the other judges concurred.