[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff Joann Flint has moved for contempt for the, alleged failure of the defendant Stanley Flint to pay weekly child support in accordance with the judgment in this action. The defendant has objected to the motion, claiming laches, equitable estoppel and waiver.
The court finds the facts as hereafter set forth. The marriage of the parties was dissolved on January 16, 1988. The parties share joint legal custody of their son, Daniel, who resides principally with the plaintiff. After Daniel did poorly at the local public school in ninth grade, both parties agreed in the summer of 1996 to enroll Daniel in a private boarding school. They further agreed that each of them would pay half the cost of the school and that the plaintiff would waive the weekly child support payments of $185 that the defendant was obligated to make. Early in 1997, when the second tuition payment was due, the plaintiff told the defendant that she was having financial difficulty. She nevertheless paid her half of the tuition. The parties disagree as to whether the plaintiff CT Page 5814 requested a resumption of child support payments at the time she told the defendant of her financial difficulties. The court credits the testimony of the defendant, who testified that the plaintiff did not seek resumption of the child support at that time.
During the summer of 1997, the parties agreed to continue Daniel in private school for the following school year, but they changed his school to Vermont Academy. Both parties co-signed a payment agreement which called for monthly payments of the annual tuition and fees, which total approximately $28,000. Each party paid half of the August and September payments, but the defendant alone made the remaining payments totaling approximately $22,000. He did so by liquidating savings and other assets, by working overtime and by doing additional part-time work.
The defendant contends that the plaintiff is equitably estopped from seeking a contempt finding for failure to pay weekly child support. There are two elements to equitable estoppel: the first that one party does or says something intended to induce another to believe in the existence of certain facts and, secondly, that the second party changes his position in reliance thereon. Papcun v, Papcun, 181 Conn. 618,621 (1980). The court finds that the plaintiff is equitably estopped from claiming that the defendant is in contempt for failing to pay weekly child support payments. By co-signing the tuition payment agreement for the 1997-1998 school-year, the plaintiff induced the defendant to believe that for a second year, she would waive weekly child support in return for the defendant's payment of one-half of the tuition and fees at Vermont Academy. In reliance on this belief, the defendant signed the agreement and committed himself to payment of these fees, which are substantially in excess of the weekly child support payments. He changed his position in reliance on the plaintiff's agreement. The plaintiff is therefore equitably estopped from claiming that the defendant is in contempt for failing to make weekly child support payments. The plaintiff's motion for contempt is denied and the defendant's objection to the motion is sustained.
Vertefeuille, J.