[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FORCONTEMPT, CODED 134, AND DEFENDANT'S MOTION FOR STAY OF CONTEMPT MOTION AND STAY OF MOTION FOR RETURN OF ALIMONY AND DETERMINATION OF THE DATE OF PLAINTIFF'S COHABITATION POST JUDGMENT, CODED 138
Many of the facts that give rise to the above motions are not in dispute. The defendant previously filed a motion to terminate alimony, coded 119. This court denied that motion. An appeal was taken from the order of this court by the defendant. The Appellate Court in a decision in 47 Conn. App. 729 (1998) reversed the decision of this court and remanded the case with directions to grant the defendant's motion to terminate alimony and to vacate the finding of alimony arrearage. Pursuant to the order of the Appellate Court, this court on February 22, 1998, by Memorandum of Decision, coded 131, granted the defendant's motion to terminate alimony and vacated the finding of an alimony arrearage. The Supreme Court entered an order on the plaintiff's petition for certification to appeal and granted the petition limited to the following issue:
 Under the circumstances of this case, did the Appellate Court properly render a judgment terminating alimony to a cohabiting spouse where there was no showing that the cohabiting spouses' financial needs had changed?
The contempt motion filed by the plaintiff seeks to have the CT Page 8140 defendant held in contempt for failure to pay child support based on an order entered on March 10, 1997 increasing support to $107 per week. The plaintiff in her motion seeks to have the court enter the following orders: (a) that the defendant be found in contempt and be punished therefore; (b) that the plaintiff be awarded reasonable attorney's fees and costs for the filing of the contempt motion; (c) that the defendant be incarcerated due to continued and willful violations of the order of the court concerning payment of child support; and (d) that the defendant be required to post a bond to secure future payment of child support.
The defendant in his motion coded 136, requests the court to (1) make a finding of the date that the plaintiff began living with John Foristall; (2) order termination of the defendant's obligation to pay alimony retroactive to the date the plaintiff began living with John Foristall; and (3) order retroactive reimbursement to the defendant from plaintiff for any weekly alimony made after the date the plaintiff began living with John Foristall.
The court finds the following additional facts. The minor child turned eighteen on April 22, 1998. The court made a finding on March 10, 1997 of an arrearage of $2380 owed by the defendant to the plaintiff which was ordered to be paid by April 14, 1997. That arrearage has since been paid in full by the defendant. The court does find that the defendant made some support payments; the defendant paid $400 in support to the plaintiff in December of 1997; $500 in October, 1997; and $200 on January 15, 1998. He did not make any support payments since January 15, 1998. A support arrearage in the amount of $2138 existed as of April 22, 1998, and still exists. No support is due after April 22, 1998 due to the minor child turning eighteen on that date. The defendant makes the following claims regarding the contempt motion arising out of the support arrearage: (1) inability to pay; and (2) equitable estoppel. These claims would be considered seriatim.
1. The claim of inability to pay. The court finds that during 1997 and 1998, the defendant had a gross salary in the range of $35,000 to $40,000 per year less taxes. The burden of proving inability to pay rests upon the obligor. The court finds that the defendant has failed to meet this burden of proof.
2. The claim of equitable estoppel. This claim is based on CT Page 8141 the fact that the defendant told the plaintiff that he was having financial difficulties and that she agreed to be patient regarding the support payments. As stated in Papcun v. Papcun,181 Conn. 618 (1980) 436 A.2d 282 at page 621:
 There are two essential elements to an estoppel — the party must do or say something that is intended or calculated to induce another to believe in the existence of certain facts and to act upon that belief; and the other party, influenced thereby, must actually change his position or do some act to his injury which he otherwise would not have done. . . . In the absence of prejudice, estoppel does not exist. [Citation omitted; internal quotation marks omitted.]
On the one hand the defendant claims that the reason he did not continue to make the support payments was because of his inability to pay, and on the other hand he claims that he did not make the support payments because the plaintiff agreed to be patient. The court finds that there is an absence of prejudice with the defendant and therefore estoppel does not exist.
The court finds the defendant in contempt of court for his failure to make support payments. The court finds that a reasonable counsel fee for counsel for the plaintiff regarding the contempt motion is $300, and orders the $300 to be paid by July 31, 1998. The court further orders that the support arrearage in the amount of $2138 be paid in full by July 31, 1998. Interest at the rate of 10 percent per annum is to run on the support arrearage and/or the attorney's fees if either are not paid by July 31, 1998
The defendant further seeks to have the court enter a stay of the periodic alimony orders under § 4047. The reason for permitting a stay under that section is to prevent any harsh implications on a payor before an appeal is decided. The trial court should attempt to balance the equities between the parties regarding the obligation to support while the appeal is pending. The court can fairly resolve such an issue by a partial or complete granting of a stay. Mulholland v. Mulholland,31 Conn. App. 214 (1992).
The court orders that the alimony payments be stayed until a decision is rendered by our Supreme Court. All of the other requests for relief in the defendant's motion, coded 138, is denied. CT Page 8142
Axelrod, J.