[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION TO DETERMINE SUMS DUE
Pending before the court is the motion filed by the plaintiff father, Michael Thomas, to determine the amount owed by the defendant mother, Cheryl Higgins, on a child support arrearage. The court finds against the father on this motion and finds that no arrearage exists.
The father consciously delayed requesting a definitive adjudication of the arrearage issue and he now seeks an arrearage based on an initial payment order that issued in May 1984, more than 14 years ago. On various occasions since May 1984, the mother's child support obligation has been modified. The most recent modification relevant to the present motion occurred on February 28, 1995 when the court found that the mother owed an arrearage of $3785.19, "subject to adjustment." It is fair to conclude that the court contemplated that any such adjustment CT Page 327 would be sought within a reasonable time period. Nevertheless, despite the February 1995 order allowing the father to seek "adjustment" of the arrearage finding, he failed to do so until the filing of the pending motion and also failed to do so earlier for at least one similar order that issued prior to February 1995. The most substantial dispute between the parties concerns the amount of the payments made by the mother prior to April 1992 when the father started recording and documenting the payments on his computer. As a result of the delay and the passage of time, both parties have discarded or misplaced pertinent records, and a resolution of the parties' dispute is now controlled by their memories and credibility.
After extensive and careful review of the court's records and the conflicting, confusing and incomplete evidence, the court finds the mother to be more credible on whether an arrearage exists. On the basis of her testimony and evidence, the court concludes that the payments she has made, especially since the arrearage finding in February 1995, have been sufficient to satisfy the arrearage fully. Alternatively, the court further finds that the father's recovery of any contested arrearage is barred by laches. The father's delay in seeking a determination of the amount of the arrearage was unreasonable and inexcusable. The delay substantially prejudiced the mother's ability to produce records of her payments and prejudiced her ability to respond to the claim. See generally, Papcun v. Papcun,181 Conn. 618 (1980) (laches may be a defense to the collection of a child support arrearage when the delay is inexcusable and caused prejudice to the payer); Bozzi v. Bozzi, 177 Conn. 232 (1979) (same). Therefore, on the motion to determine sums due, the court finds that no arrearage exists.
Dated this 14th day of January, 1999.
Stevens, J.