[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: RULE TO SHOW CAUSE WHY THE DEFENDANT SHOULD NOT BE FOUND IN CONTEMPT
CT Page 16518 AND THE JUDGMENT SHOULD NOT BE MODIFIED POST-JUDGMENT #146
The plaintiff requests the court find the defendant in contempt on his alimony obligations and modify the alimony obligation upwards. The defendant claims the alimony obligation should be terminated under the terms of the parties' separation agreement.
The parties were married on December 31, 1995. Their separation agreement was incorporated by reference in the judgment of dissolution entered on March 17, 1998. The pertinent provision of the agreement, states:
 4.1 The Husband shall pay alimony and child support to the Wife as follows:
 a. $350.00 per week unallocated alimony and child support until December 17, 1999.
 b. $250.00 per week unallocated alimony and child support from December 18, 1999 to September 21, 2001.
 c. Husband's child support obligation shall terminate on September 21, 2001. However, it is anticipated at this time and under the present circumstances that the Plaintiff will continue to receive alimony; however, the parties agree that the court will retain jurisdiction to determine the amount of alimony if any at that time. However, if the Plaintiff is receiving or receives social security income based on a disability, the alimony shall terminate.
A hearing was held on October 18, 2001 and from the evidence the court finds that the plaintiff is disabled and she is presently receiving Title 19 Medicaid coverage. The plaintiff applied for Social Security Disability (SSD) but was denied coverage because she had not worked enough quarters to qualify for those benefits.
Because of her disability and limited means, the plaintiff may be eligible to receive Supplemental Security Income (SSI). She applied for these benefits after the October 18, 2001 hearing. The plaintiff claims the parties agreed that the defendant's alimony obligation would terminate only if, and when, the plaintiff received SSD benefits. The CT Page 16519 defendant claims if the plaintiff receives SSI benefits the alimony terminates. The court requested briefs and heard arguments on December 6, 2001.
Where a separation agreement is incorporated into a judgment of dissolution, the judgment and agreement are to be construed under contract law. Stein v. Stein, 49 Conn. App. 536 (1998).
"In interpreting contract items, we have repeatedly stated that the intent of the parties is to be ascertained by a fair and reasonable construction of the written words and that the language used must be accorded its common, natural, and ordinary meaning and usage where it can be sensibly applied to the subject matter of the contract." . . . Where the language of the contract is clear and unambiguous, the contract is to be given effect according to its terms. "A court will not torture words to import ambiguity where the ordinary meaning leaves no room for ambiguity and words do not become ambiguous simply because lawyers or laymen contend for different meanings." (Citations omitted.) Barnard v.Barnard, 214 Conn. 99, 110 (1990).
From a reading of § 4.1 of the agreement, it is apparent the plaintiff was not receiving social security income at the time of the dissolution. It is also clear, the parties expected that alimony could continue after child support terminated on September 21, 2001. The parties agreed that the court would retain jurisdiction to determine the amount of alimony, if any, when the child support terminated. The parties also agreed that, if the plaintiff is receiving or receives socialsecurity income based on a disability, the alimony shall terminate. (Emphasis supplied.)
The plaintiff contends that the court should look to the circumstances and facts existing at the time the agreement was made to determine the intent of the parties. This is not necessary. From the unambiguous language used in the agreement, the court concludes that it was the parties' intent alimony would terminate upon the plaintiff receiving income from social security based on a disability.
The eligibility requirements for SSI are contained in42 USCS § 1381a., Basic entitlement to benefits, which provides:
 "Every aged, blind, or disabled individual who is determined under part A [42 USCS §§ 1382 et seq.] to be eligible on the basis of his income and resources shall, in accordance with and subject to the provisions of this title [42 USCS §§ 1381 et seq.], be paid benefits by the Commissioner of Social CT Page 16520 Security."
The court finds that SSI, under the terms of the parties' agreement, constitutes social security income based on a disability. If and when the plaintiff actually receives this social security benefit based on her disability, the alimony, under the agreement, terminates.
The court is aware the plaintiff's expenses far exceed the amount of alimony she receives and termination of alimony will be troublesome. In this case, however, the construction and legal effect of the expressed terms of the parties' agreement cannot be varied by reason of inconvenience to the parties or unreasonableness of the terms. See HatchoCorporation v. Dellapietra, 195 Conn. 18 (1985). The plaintiff testified her SSI benefits, if she qualifies, will be approximately $512 a month and the court notes that the present alimony order amounts to approximately $507 a month.
Although the plaintiff has applied for SSI benefits, her eligibility is not yet confirmed and it may be several months before she actually receives a benefits check. If, and when, she receives benefits, they may be retroactive to the date of her application. Furthermore, the retroactive benefits may be reduced by alimony payments she receives during the period of retroactivity. It is possible that the defendant will pay alimony after the date the plaintiff is eligible to receive SSI benefits due to this retroactivity.
The plaintiff is ordered to notify the defendant's attorney if, and when, the plaintiff is found to be eligible for SSI benefits. The plaintiff is also ordered to notify the defendant's attorney when she receives her first benefit check and she is to provide an accounting of the benefits, amount and time period, represented by said check. These notifications are to be made within fifteen days of the date the plaintiff receives said correspondence from Social Security.
If the usual benefit the plaintiff is entitled to receive is reduced by the alimony payments received by her, the defendant will not be entitled to reimbursement. If the plaintiff receives the full amount of her benefit, and the plaintiff has paid alimony during the period when the plaintiff is entitled to benefits, then the plaintiff must reimburse the defendant the alimony she received during the period she receives full SSI benefits. The plaintiff is ordered to make any such reimbursement within fifteen days of receiving a retroactive benefit check. The court will retain jurisdiction to address any unexpected issues regarding the reimbursement of alimony from the benefits received.
The plaintiff informed the court on December 6, 2001 that the defendant CT Page 16521 was current with his alimony payments. The request to hold the defendant in contempt is denied.
The present alimony order of $117 per week was entered on February 15, 2001. The court does not find that there has been a substantial change in circumstances in the parties since that date. The request to modify alimony is denied.
Domnarski, J.